GEORGE FRANZ, Plaintiff in Error, v. PHILIP HILTERBRAND et al., Defendants in Error.

1. *Practice, civil—Trial—Instructions not warranted by evidence, not given.—* It is misdirection and wrong practice to give instructions, no matter how correct they may be abstractly, if the evidence in the particular case does not warrant or justify them.
2. *Damages, exemplary —When given.* — In an action for damages for a trespass, where the act is aggravated, and where there has been fraud, oppression, malice, or gross negligence, the jury is allowed to award exemplary damages, not only to compensate the sufferer, but also to punish the offender. But in the absence of proof showing malice or willfulness, or other circumstances of aggravation, the damages should be compensatory merely.

*Error to Second District Court.*

*S. N. Taylor*, for plaintiff in error.

I. The first and second instructions given for plaintiff were warranted by the evidence, and were proper. (Goetz v. Ambs, 27 Mo. 28 ; Best *et al.* v. Allen, 30 Ill. 30 ; Hawk *et al.* v. Ridgway, 33 Ill. 473 ; Major v. Pullman, 3 Dana, 582 ; Treat v. Barker, 7 Conn. 274 ; Board v. Head, 3 Dana, 489 ; Ingalls v. Bills, 9 Met. 1 ; Duncan v. Stalcup, 1 Dev. 440.)

II. In actions of trespass and tort, the principles of law sustain the giving of exemplary damages or smart money, and courts will not disturb the verdict of the jury unless the damages are so excessive that at first blush they strike all as being so. ( Huckle v. Mooney, 2 Wilson, 205 ; Major v. Pullman, *supra ;* Dennison v. Hyde, 6 Conn. 508; Goetz v. Ambs, *supra ;* Somer v. Wilt, 4 S. & R. 19 ; Whipple v. Walpole, 10 N. H. 130 ; Wort v. Jenkins, 14 Johns. 351

*Green & Thomas*, for defendants in error.

There was no evidence in the case to warrant instructions to give exemplary damages. ( Milburn v. Beach, 14 Mo. 104 ; Walker v. Borland, 21 Mo. 289 ; Frank v. Dillon, 21 Mo. 294 ; Harrison v. Cachelin, 27 Mo. 26 ; *id.* 55 ; Sedgw. on Dam. 527, and authorities there cited ; Kennedy v. North Mo. R.R. Co., 36 Mo. 351.)

WAGNER, Judge, delivered the opinion of the court.

The only question material to notice in this case is the action of the Circuit Court in giving instructions relating to the measure of damages. The plaintiff owned two diseased horses, which he worked on his farm. The defendants, and others residing in the neighborhood, believed the horses had what is known as the glanders, a disease which they apprehended as contagious and incurable; and to prevent its spreading and doing injury, they went to plaintiff's premises and killed the horses. There was no evidence of anything like malice in their action, but they proceeded on the mistaken view that they had the right to enter the plaintiff's premises and abate what they considered a nuisance, and which, if left, might do great harm. They acted from good, but mistaken and unjustifiable, motives. The court instructed the jury for the plaintiff, that if they found from the evidence that defendants killed his horses without his consent or authority, the jury should find for him and assess his damages at the value of the horses, and in addition thereto they might allow such further sum for exemplary damages or smart money as, under all the facts and circumstances in the case, they might deem right, not exceeding the amount claimed in the petition; and that, to entitle the plaintiff to exemplary damages or smart money, it was not necessary to show that defendants had ill-will and hostility towards him, or exercised the same in killing his horses, but if they killed the horses without the authority of the plaintiff, willfully, deliberately, or intentionally, then the idea of punishment was introduced, and exemplary damages or smart money could be awarded. Under this direction of the court, the jury found for the plaintiff, and assessed his damages at three hundred dollars as the value of the horses, and two hundred dollars additional as punitory or vindictive damages. Judgment was entered on the verdict for five hundred dollars, the defendants appealed to the District Court, where a reversal was had, and the plaintiff prosecutes his writ of error. The language of the instruction which is complained of, and which it is claimed misled the jury into giving excessive damages, is copied almost literally from the

opinion delivered in the case of Goetz v. Ambs, 27 Mo. 28. As a proposition of law it is unobjectionable.   But it is a misdirection and wrong practice to give instructions, no matter how correct they may be abstractly, if the evidence in the particular case does not warrant or justify them.   The theory of the law in regard to damages proceeds upon the principle that compensation for the actual loss sustained is the object sought. Where there are no circumstances of aggravation, the damages should be compensatory only.   Where, however, the act is aggravated, and where there has been fraud, oppression, malice, or gross negligence, a different rule is adopted, and the jury is allowed to award exemplary damages, not only to compensate the sufferer, but also to punish the offender.   (Sedgw. on Dam., 2d ed., pp. 38, 57 ; Milburn v. Beach, 14 Mo. 104 ; Walker v. Borland, 21 Mo. 289 ; Kennedy v. N. M. R.R. Co., 36 Mo. 351.) In a case of trespass, in the Supreme Court of the United States, against a marshal for seizing and selling the property of the plaintiff under an execution against another, the rule was laid down with remarkable clearness.   The court said : " Where a trespass is committed in a wanton, rude, and aggravated manner, indicating malice or a desire to injure, a jury ought to be liberal in compensating the party injured in all he has lost in property, in expenses for the recovery of his rights, in feeling or reputation ; and even this may be exceeded by setting a public example to prevent a repetition of the act.   In such cases there is no certain fixed standard ; for the jury may not only take into view what is due to the party complaining, but to the public, by inflicting what are called in law, speculative, exemplary, or vindictive damages.   But when an individual, acting in pursuance of what he conceives a just claim to property, proceeds by legal process to enforce it, and causes a levy to be made on what is claimed by another, without abusing or perverting its true object, there is, and ought to be, a very different rule if, after a due course of legal investigation, his case is not well founded." (Conrad v. The Pacific Ins. Co., 6 Pet. 268.)

In Freidenheit v. Edmundson et al., 36 Mo. 226, where the defendant, forming a part of a body of armed men, forcibly

broke open and entered the plaintiff's store, putting him in bodily fear, and took and carried away a large portion of his stock of goods, injuring his business, it was held that the mere value of the goods taken, with interest thereon, was not the proper measure of damages, but that it was a case justifying and calling for vindictive or exemplary damages. In that case exemplary damages were defined to mean such damages as would be a good round compensation, and an adequate recompense for the injury sustained, and such as might serve for a wholesome example to others in like cases. The case of Goetz v. Ambs, when rightly understood, is not only not contradictory of the foregoing cases, but is in perfect harmony with them. The learned judge there merely gives the legal acceptation of the words "malice" and "willfulness," and, tested by the criterion he enunciates, the instruction in this case can not be supported. There is an utter and complete absence of malice or willfulness in the legal sense of these terms. There was neither aggravation nor wantonness in the act of the defendants. They committed a trespass, it is true, without legal justification, although they believed they were doing right, and for this they are liable in adequate damages; but to mulct them for almost double the value of the property, is too excessive to be permitted to stand.

The judgment of the District Court will be affirmed. The other judges concur.