Engle, v. Jones.

JOSEPH ENGLE, Respondent, *vs.* GARSHAM B. JONES, Appellant.

1. *Damages—Trespass—Damages when compensatory only.*—In an action of trespass, unless the offense be committed in a wanton, rude or aggravated manner, indicating oppression, malice or a desire to injure, the damages should be compensatory only, and where the evidence wholly fails to show any of these elements, a judgment including vindictive damages will be set aside on appeal. (Franz vs. Hilterbrand, 45 Mo., 121.)

## Appeal from Polk Circuit Court.

*McAffee and Phelps,* for Appellants, cited: Logan vs. Small, 43 Mo., 254; Franz vs. Hilterbrand, 45 Mo., 121; McKeon vs. Citizens Railway, 42 Mo., 80; (latter clause on page 88.)

*J. P. Ellis,* for Respondent, cited: Allred vs. Bray, 41 Mo., 485; Franz vs. Hilterbrand, 45 Mo., 122; Walker vs. Borland, 21 Mo., 289; Goetz vs. Ambs, 27 Mo., 31; Friedenheit vs. Edmonson, 36 Mo., 230.

WAGNER, Judge, delivered the opinion of the court.

We have seen nothing objectionable in the record, except in the ruling of the court, in reference to the question of damages. The other points were all fairly submitted, and the jury were the proper judges to pass upon them.

The action was in trespass for taking and converting two horses belonging to the plaintiff, and the court instructed the jury that if they found for the plaintiff, they should assess his damages at the actual value of the property when taken, unless the same was taken maliciously or wantonly, and in that case they might assess damages by way of smart money. No witness placed the value of the horses higher than one hundred and eighty dollars, and the jury returned a verdict for three hundred dollars.

As an abstract proposition of law the instruction was correct, but the objection to it is, there was no evidence in the case justifying it. No aggravating circumstances were disclosed calling forth the rule applicable to vindictive damages. Unless the trespass is committed in a wanton, rude or aggravated manner, indicating oppression, malice or a desire to

injure, the damages should be compensatory only. (Franz'vs. Hilterbrand, *et. al.*, 45 Mo., 121.)

As the evidence wholly failed to show any of these elements, the judgment should be reversed, and the cause remanded.

The other Judges concurring.