BRUCE v. ULERY *et al., Appellants.*

1. **Liability of Officer Executing Replevin:** OF PLAINTIFF ASSIST-ING HIM. Whatever may be the law as to the right of an officer to break and enter a dwelling house by force in order to execute a writ of replevin, if he enter and make search upon the invitation of the owner of the house he will not be liable in damages unless he do unnecessary injury in the search; and if he search property found in the house belonging to a stranger to the writ, upon the invitation of the latter and under a *bona fide* impression that it is the property of the defendant, the same rule of liability will apply. If the plaintiff in the writ accompany and assist the officer, the same rules will apply to him also.

2. ———. If an officer, in the execution of a writ of replevin, injure the property of a stranger to the writ, but without willfulness or malice, he will be liable for actual damages only.

*Appeal from Cass Circuit Court.*—HON. NOAH M. GIVAN, Judge.

REVERSED.

*Woolridge & Daniel* for appellants.

*John F. Lawder* for respondent

HENRY, J.—This is an action commenced in the circuit court of Cass county, in the nature of an action of trespass for forcibly entering plaintiff's dwelling house in said county, and searching the same. The petition alleged that the entry was forcible and unlawful, and that defendants unlawfully and forcibly opened divers drawers, trunks and valises belonging to plaintiff, leaving the contents in a scattered

and confused condition; that defendants falsely represented
that they were acting under a search-warrant issued by a
justice of the peace.    The answer of defendants denied that
they entered said dwelling house unlawfully or forcibly,
denied that they represented that they were acting under a
search-warrant, and contained a general denial of the other
allegations.    For a further defense, it alleged that defend-
ant Ulery and wife commenced an action before a justice
of the peace to recover a certain deed of conveyance against
Elizabeth Hawkins, and that a writ of replevin was duly
issued by the justice, commanding defendant Davis, as con-
stable, to take said deed, particularly described in the writ,
from the possession of Elizabeth Hawkins, and deliver it
to plaintiff; that in obedience thereto the said constable
and defendant Ulery went to the house of said Elizabeth
Hawkins and informed her and Bruce, then at her house,
of his business, and that they invited defendants to enter
and search for the deed, and that Bruce opened the drawers,
trunks and valises and requested the defendants to make
the search.    The reply was a general denial.    Plaintiff ob-
tained a judgment for $50, from which this appeal is pros-
ecuted.

Bruce testified substantially to the facts alleged in his
petition, except as to the forcible entry into the house; that
he owned the house but it was occupied by Mrs. Hawkins
as his tenant, except some rooms which by arrangement
with her he occupied; that he unlocked for defendants the
drawers and took his valise from under the bed and told
them to search it.    Mrs. Hawkins testified that defendants
came to her house, and that she invited them in; that Ulery
said that they had come to see about the deed, said if wit-
ness would give it up they would not search; that she de-
clined to give it up; he then said they would search for it,
to which she replied they were welcome to do so if they had
authority, and Davis then read to her the writ issued by
the justice.    Bruce also testified that he was damaged $15
or $20.    He was then asked by his attorney how much he

was damaged in his feelings, to which defendants objected; but the objection was overruled, and he stated that he was damaged in his feelings $500.

The defendants introduced as evidence the justice's transcript in the case of Ulery and wife against Mrs. Hawkins, and the writ of replevin and the return thereon, and Davis testified that he took Ulery with him to identify the deed, if found. His testimony was not materially different from that of Mrs. Hawkins; testified that he was not aware that he was searching plaintiff's property until the search was about completed, when plaintiff took his valise from under the bed, opened it and requested defendants to search it; that he was not aware that plaintiff lived in the house. Ulery's testimony was substantially the same. This was all the evidence.

The cause was tried without the intervention of a jury, and at plaintiff's instance the court declared the law as follows:

If the court, sitting as a jury, shall believe from the evidence that defendants unlawfully and intentionally entered plaintiff's dwelling house, or having entered plaintiff's dwelling house did unlawfully and intentionally search the same, then the court should give judgment for the actual damages sustained by plaintiff by reason of said search, and the court shall also find such further sum as may to the court seem proper and right in the way of exemplary damages, in all not exceeding the amount prayed for in plaintiff's petition.

The following asked by defendants were refused:

1. If the court, sitting as a jury, believes from the evidence that on the 25th day of June, 1879, defendant Elias Ulery and his wife commenced an action of replevin before James A. Burney, a justice of the peace, to recover possession of a deed of conveyance to said wife, and that a writ of replevin was issued by said justice, directing defendant Davis, constable, to take said deed from said Elizabeth Hawkins, and deliver the same to Elias Ulery and Eliza-

beth Ulery; and that in obedience to said writ defendant Davis, as such constable, and the said Elias Ulery, went to the house of said Elizabeth Hawkins to execute said writ, and informed her and plaintiff Bruce of the nature of their errand and the object of their visit, and said Elizabeth Hawkins and said Bruce invited them to enter said house and make search for said deed, and that when so invited they did enter the said house, and that plaintiff Bruce unlocked and opened the trunks, valise and drawers of plaintiff searched by defendants, and that defendants, in making such search, did no unnecessary damage to the property searched, the finding should be for defendants.

2. If it appears from the evidence that such writ was issued, as mentioned in the first instruction asked by defendants, and placed in the hands of defendant Davis, as constable, and defendant Ulery accompanied said constable to assist in the execution of said writ, or to identify said deed, and they together repaired to the house occupied by Elizabeth Hawkins to execute said writ, and that on an examination of the house occupied by said Elizabeth Hawkins, by defendants, for the purpose of obtaining said deed and executing said writ, property of plaintiff contained in said house was examined by defendants without objection of plaintiff, or without plaintiff informing defendants that the same was his property, or their knowing it to be his, or upon being invited by him to examine same, and no unnecessary injury was done by defendants to such property, or no injury was done thereto, then plaintiff has not been damaged, and the finding should be for defendants.

3. It is not averred in the petition that defendants acted willfully and maliciously, and unless the court shall believe from the evidence that property of plaintiff was actually injured by defendants, the finding should be for defendants; and plaintiff, if entitled to recover at all, is entitled to recover only such actual damages as the testimony shows he has sustained, if any.

4. If the court believes from the evidence that defend-

ants, in making an examination for the said deed, incidentally examined the property of plaintiff found in the house occupied by Elizabeth Hawkins, by reason of such property having been in said house, or were not informed that such property was the property of plaintiff, or did not propose and intend to search property of plaintiff, knowing it to be his, or did not search his property knowing it to be his, and did no injury or intentional injury to his property, or acted in good faith, then the finding should be for defendants.

5. The plaintiff is not entitled to exemplary damages unless it appears from the evidence that defendants acted wantonly, maliciously, violently or oppressively, in their proceedings under said writ.

Mr. Wells in his work on Replevin, observes that authorities in modern times are meagre on the question of an

1. LIABILITY OF OFFICER EXECUTING REPLEVIN: of plaintiff assisting him officer's right to break and enter a dwelling to take goods, but that it has been held that the sheriff had a right to enter a defendant's house to search for goods described in a writ of replevin, and that the legality of his entry did not depend upon the fact of his finding the property therein § 287. The text is fully sustained by the cases cited in its support. *Kneas v. Fitler*, 2 S. & R. (Pa.) 263. In *Seamaynes' case*, 5 Coke Rep. 91, it is said that "where the king is a party, the sheriff, if the doors be not open, may break the party's house, either to arrest him or to do other execution of the process, if otherwise he cannot enter. When the door is open the sheriff may enter the house and do execution at the suit of any subject, either of the body or of the goods, but the sheriff cannot, on request made and denial, at the suit of a common person, break the defendant's house to execute any process at the suit of any subject."

We may, however, waive any further discussion of that question, and decline to pass upon it, because the evidence establishes the fact that not only was there no breaking of doors or locks, but the entry was peaceable and on invitation of Mrs. Hawkins, who was mistress of the house, and

that the search was made with her consent and also with the consent of this plaintiff, after the officer had read to her the writ of replevin. She is not complaining, but Bruce, who occupied a part of the house under Mrs. Hawkins, is the complaining party. He did not inform the officer that he was an occupant of the house, or that any of the drawers or trunks searched were his property, and brought from under a bed his own valise and requested them to search it. The testimony for defendants shows that they were ignorant that he occupied any portion of the house, or had any property there, until he produced his valise and requested them to search it.

The declarations one, two, three and four asked by defendants, should have been given, because the facts upon which the first, second and fourth were predicated, constituted a defense to the action, and the third correctly declared that if plaintiff could recover at all, his recovery should be for actual damages to his property.

The declaration given at the instance of plaintiff is erroneous, and the fifth asked by defendant declares the law 2. ——. correctly, and should have been given. No malice was alleged or proved. " Public officers acting within the scope of their authority are not answerable in damages for their acts unless done maliciously." *Burton v. Fulton*, 49 Pa. St. 151. In all cases where there is neither fraud, malice, gross negligence nor oppression in the act complained of, compensation commensurate with the injury, is what the complaining party is entitled to. *Franz v. Hilterbrand*, 45 Mo. 121; *Engle v. Jones*, 51 Mo. 316; *Seibel v. Siemon*, 72 Mo. 526, 531; *Morgan v. Durfee*, 69 Mo. 469. And for the same reason the court erred in admitting the testimony of plaintiff with regard to the amount of damages he had sustained in his feelings.

The judgment is reversed, and costs both in this and the circuit court adjudged against the respondent. All concur.