AMERICAN INSURANCE COMPANY,
a Corporation, Plaintiff,

v.

Eugene L. GILBERT and Audrey Gilbert,
Individuals, Defendants.

Eugene L. GILBERT d/b/a Gilbert Construction Company, Defendant and
Third-Party Plaintiff,

v.

GILDEHAUS PIPING CONTRACTORS,
INC., a Missouri Corporation,
Third-Party Defendant.

No. 68 C 487(2).

United States District Court,
E. D. Missouri, E. D.

Oct. 27, 1970.

Francis L. Kenney, Jr., and Bernard A. Reinert, Kenney, Reinert & Hespen, St. Louis, Mo., for plaintiff.

James J. Sauter, Deeba, DeStefano, Sauter & Herd, St. Louis, Mo., for defendants Eugene L. Gilbert, Eugene L. Gilbert d/b/a Gilbert Construction Co., and Audrey Gilbert.

Oliver W. Schneider, Schneider & Boyle, Clayton, Mo., for appellant, third-party defendant Gildehaus Piping Contractors, Inc.

# MEMORANDUM

MEREDITH, District Judge.

This is an action brought by the plaintiff, American Insurance Company, as surety, against the defendants, Eugene L. Gilbert and Audrey Gilbert, individuals, on a general indemnity agreement signed by them, and against Eugene L. Gilbert d/b/a Gilbert Construction Company for indemnification on a number of construction contract bonds. Defendant Gilbert Construction Company prosecuted a third-party complaint against Gildehaus Piping Contractors, Inc., for judgment for any and all amounts for which judgment may be entered herein against the defendant, Gilbert Construction Company, and in addition, attorney's fees and expenses expended by it.

The plaintiff, American Insurance Company, is a New Jersey corporation, having its principal office and place of business in Newark, New Jersey. Eugene L. Gilbert and Audrey Gilbert are individuals, who reside at 7397 Coachman Lane, in St. Louis County, Missouri, and are citizens of the State of Missouri. At all times relevant to this litigation, Eugene L. Gilbert was doing business as Gilbert Construction Company. The amount in controversy exceeds the sum and value of $10,000.00. This Court has jurisdiction under 28 U.S.C. § 1332.

During the years of 1967 and 1968, defendant Gilbert Construction Company entered into various contracts for construction which was bonded by the plaintiff, American Insurance Company. Among those bonds were: (a) a performance and payment bond to the State of Missouri in the sum of $585,403.00, dated May 18, 1967, given to secure a contract for the construction of an auditorium, library, and dining facilities at the Missouri School for the Blind in St. Louis, Missouri; (b) a performance and payment bond in the amount of $417,-000.00, running to the Board of Education, Elsberry District R–2 Schools, Elsberry, Missouri, dated May 9, 1967, to secure the construction of a new high school for the school district; (c) a performance bond and a labor and material payment bond in the amount of $117,412.00, running to the Ferguson-Florissant School District in St. Louis County, Missouri, to secure completion of the site work and sanitary and storm sewers at the Cross Keys Junior High School; and (d) a performance-payment bond in the amount of $638,553.00, running to the Scott County Reorganized School District R–6 of Sikeston, Missouri, dated November 28, 1967, to secure completion of Senior High School Field House at Sikeston, Missouri.

These bonds were furnished on written application being made for them. Paragraph 3 of the "Application for Contract Bond" provides that the applicant

"will indemnify (the American Insurance Company) against any and all liability, loss, costs, damages, fees of attorneys and other expenses which the Company may sustain or incur by reason of, or in consequence of the execution of such bonds and any renewal, continuance or successor thereof, including but not limited to, sums paid or liabilities incurred in settlement of, and expenses paid or incurred in connection with claims, suits, or judgments under such bonds, expenses paid or incurred in enforcing the terms hereof, in procuring or attempting to procure release from liability, or in recovering or attempting to recover losses or expenses paid or incurred, as aforesaid."

This same provision appears in the General Indemnity Agreement signed by Eugene L. Gilbert and Audrey Gilbert, as individuals, before any of these bonds were written.

On April 9, 1968, Eugene L. Gilbert wrote a letter to the plaintiff requesting financial assistance to complete the contracts and stating that, unless such assistance was provided, he would be un-

able to complete these contracts and, therefore, "admits default of his obligation under the above contracts and also admits default under the preformance (sic) and payment Bonds issued by The American Insurance Company."

On April 17, 1968, Eugene L. Gilbert wrote to the owner-obligees in the bonded contracts, acknowledging that he was unable to perform the contracts and authorizing them to immediately "declare Eugene L. Gilbert d/b/a Gilbert Construction Co., in default" in the performance of the above contracts.

The American Insurance Company acknowledged receipt of Gilbert's letters of April 9, 1968, and April 17, 1968, on April 17, 1968. Observing that the above letters of Gilbert effectuated formal defaults in the performance of the bonded contracts, the plaintiff indicated that it was agreeable to furnishing the necessary funds to enable Gilbert to complete the contracts under specified terms and conditions.

Correspondence on April 18, 1968, and April 25, 1968, to the owner-obligee under the various bonded contracts informed them of the arrangement made between Gilbert and American Insurance Company and directed them to pay all further job funds coming due under the contracts to the surety, American Insurance Company.

In August 1968, the arrangement between the American Insurance Company and Gilbert came to an end. Red River Construction Company was employed by the plaintiff to complete the jobs. This construction company was created by the plaintiff's attorneys and operated by Jim Fritz, whom the plaintiff had employed to supervise the jobs under Gilbert.

The expenditures made by the plaintiff in completing the jobs are set out on schedule exhibits made up by witness Edwin G. Donk, who handled this matter for American Insurance Company as their bond claim attorney. Mr. Donk signed all of the drafts that were issued by American Insurance Company on the Gilbert contracts. The schedules show

$415,022.06 expended on the Missouri School for the Blind, $263,919.20 was received from this job, making a net loss of $151,102.86 on this contract. On the Elsberry School District contract, $209,-935.88 was expended, while receipts from the job amounted to $169,590.00, creating a loss on this contract of $40,345.-88. On the Ferguson-Florissant School contract, the receipts exceeded the expenditures by $6,263.34. On the Sikeston Senior High School Field House contract $630,094.16 was expended, while receipts from the contract amounted to $559,780.37, creating a net loss of $70,-313.79.

After giving the defendants credit for the $6,263.34 over and above expenditures received from the Ferguson-Florissant School District contract, a net loss figure of $255,499.19 is the consolidated total of all the contracts. As provided by the Application for Bond Agreement and the General Indemnity Agreement, attorneys' fees and expenses in the amount of $5,655.64 were expended by the plaintiff in supervising the completion of the contracts and prosecuting this lawsuit. Thus, the American Insurance Company's total expenditures under these bonds and loss on the contracts amount to $261,154.83.

The contract of a principal to indemnify his surety is valid and will be enforced in accordance with their terms. Maryland Casualty Co. v. Spitcaufsky, 352 Mo. 547, 178 S.W.2d 368 (1944). The indemnity agreement executed by Eugene L. Gilbert and Audrey Gilbert is valid and enforceable under Missouri law. National Surety Co. v. Casner, 253 S.W. 1057 (Mo.S.Ct.1923); Central Surety & Insurance Corp. v. Hinton, 233 Mo.App. 1218, 130 S.W.2d 235 (K.C.C.A. 1939). It is stated in the general indemnity agreement that it is given "in consideration of the premises and of the execution or continuance of such bonds * * *." The execution of the four bonds in suit was sufficient consideration for the defendant Mrs. Audrey Gilbert's execution of the general indemnity agreement. James W. Scudder & Co. v.

**1318**

Morris, 107 Mo.App. 634, 82 S.W. 217 (S.L.C.A.1904).

■ The Court finds that the proof adduced by the plaintiff makes an uncontroverted prima facie case of liability of the indemnitors to it for the payment made by it. The payments were made in good faith, so that under the general indemnity agreement and the indemnity clause in the bond application, the defendants are liable to the plaintiff for indemnity. The Court finds that the plaintiff, American Insurance Company, is entitled to a judgment against the defendants Eugene L. Gilbert and Audrey Gilbert, individuals, and against Eugene L. Gilbert, doing business as Gilbert Construction Company, in the amount of $261,154.83.

The defendant, Eugene L. Gilbert, doing business as Gilbert Construction Company, has filed a third-party complaint against Gildehaus Piping Contractors, Inc. This is authorized by F.R. Civ.P. 14(a).

It is the contention of the third-party plaintiff that Gildehaus was the cause of Gilbert Construction Company defaulting on the contracts that have been discussed above. Gilbert, acting as a general contractor, contracted with Gildehaus to furnish the necessary plumbing, heating, air conditioning, and other related work in the aforementioned contract at the Missouri School for the Blind. As the work progressed, Gilbert paid to Gildehaus sums which totalled $51,604.86, which represented fifty percent of Gildehaus' contract less ten percent.

Later Gilbert Construction Company was informed that many of the sub-contractors of Gildehaus had not been paid for their material and labor they had furnished on the aforementioned job site. They demanded payment and would not continue doing work at the job site until paid. The defendant company was not able to pay again for the materials and work of Gildehaus' sub-contractors. It informed the American Insurance Company of the trouble with Gildehaus and requested financial assistance in completing all four construction contracts. Shortly thereafter, Gilbert Construction Company admitted default on all four construction contracts upon which American Insurance was surety.

■ The Court finds that the third-party defendant, Gildehaus Piping Contractors, Inc., is liable for the default of third-party plaintiff, Eugene L. Gilbert, doing business as Gilbert Construction Company, in failing to complete the construction contract on Missouri School for the Blind. Gilbert has not proven that Gildehaus was responsible for the damages that Gilbert suffered upon default of the other three construction contracts. While it is true that, in the event of a default by the defendant, all the material allegations of the plaintiff's complaint are to be taken as true, the plaintiff must still prove damages. Thomas v. Commercial Credit Corp., Mo. App., 335 S.W.2d 703 (K.C.C.A.1960); Putney v. Du Bois Co., 240 Mo.App. 1075, 226 S.W.2d 737 (Sp.C.A.1950). Gilbert has proven his damages on the construction contract for the Missouri School for the Blind were caused by Gildehaus. Judgement in the amount of $151,102.86 will be entered for the third-party plaintiff, Eugene L. Gilbert, doing business as Gilbert Construction Company, which is the amount of loss on the Missouri School for the Blind contract on which Gildehaus defaulted.