Omar and Amelia EILERS, Plaintiffs-Respondents,

v.

KODNER DEVELOPMENT CORPORATION, Defendant-Appellant.

No. 35490.

Missouri Court of Appeals,
St. Louis District,
Division Two.

Aug. 27, 1974.

Rosecan & Popkin, Alan E. Popkin, St. Louis, for defendant-appellant.

Niedner, Moerschel, Nack & Ahlheim, Reginald P. Bodeux, St. Charles, for plaintiff-respondent.

GUNN, Judge.

Defendant-appellant appeals from a default judgment of $12,000 in favor of plaintiffs-respondents. The theme of the case is surface water rights, and defendant asserts: 1) the judgment is in error as plaintiffs' petition failed to state a cause of action; 2) the court abused its discretion in failing to set aside the default judgment on defendant's motion; 3) the trial court erred by failing to hear defendant on the issues of damages. We affirm the judgment.

On February 7, 1973, plaintiffs filed suit against defendant for damages and injunctive relief arising out of defendant's grading of its land and construction of catch basins and a sewer system thereon with alleged resultant surface water runoff damage to plaintiffs' adjoining land. Service of process on defendant was obtained on February 27, 1973, and on March 9, 1973

counsel for defendant entered appearance and requested 30 days additional time in which to file responsive pleadings. Defendant was granted leave to plead on or before April 6, 1973, but no pleadings were filed. On May 11, 1973, hearing on plaintiffs' petition was held by the trial court, and plaintiffs presented their evidence, including evidence by a real estate appraiser of damages to their property. At the time of the hearing, acts complained of had been accomplished. After hearing the evidence, the trial court, on the date of hearing, found defendant in default and entered judgment for plaintiffs for $12,000 and enjoined defendants from accumulating, gathering and collecting surface water and discharging it in concentrated and destructive quantities on plaintiffs' property. No notice of the May 11, hearing was given to defendant, and on June 7, 1973, defendant filed a motion to vacate the default judgment, which was denied.

 We turn to the first issue raised concerning whether plaintiffs' petition states a cause of action upon which a default judgment may rest. Inasmuch as failure to state a cause of action is jurisdictional in nature, the issue may properly be raised at any time during the proceedings, even for the first time on appeal. Harding v. State Farm Mutual Automobile Insurance Co., 448 S.W.2d 5 (Mo. banc 1969); Falcon Enterprises, Inc. v. Precise Forms, Inc., 509 S.W.2d 170 (Mo.App. 1974). However, in determining whether a petition is sufficient it is only necessary to find that the petition states a claim upon which relief can be granted. Empiregas, Inc. of Noel v. Hoover Ball & Bearing Co., 507 S.W.2d 657 (Mo.1974); Falcon Enterprises, Inc. v. Precise Forms, Inc., supra. As aptly stated in Sumpter v. J. E. Sieben Construction Co., 492 S.W.2d 150, 1. c. 153 (Mo.App.1973):

"A petition will be found sufficient after judgment if, after allowing those reasonable inferences and matters necessarily implied from the facts stated, there is

sufficient to advise the defendant with reasonable certainty as to the cause of action it is called upon to meet and bar another action for the same subject-matter."

We review plaintiffs' petition with the foregoing before us. The petition contained three counts with the first count seeking injunctive relief and count two seeking money damages as a result of defendant's alleged illegal discharge of surface water on plaintiffs' property. Count three sought punitive damages, which were not allowed, and is therefore not here considered. The pertinent portions of counts one and two read:

\*　\*　\*　\*　\*　\*

"5. That the plans and drawing which defendant has submitted indicate that defendant eventually intends to construct catch basins and a storm sewer system *which will accumulate extensive amounts of surface water from extensive areas on defendant's property and empty directly upon plaintiff's property in a manner which increases, accelerates, and exceeds the original natural channel capacity to the damage of plaintiffs' property.*" (Emphasis added)

\*　\*　\*　\*　\*　\*

COUNT II

"4. That in accordance with the Planning and Zoning Department of St. Charles County, defendant has and is grading and contouring said property *so as to interfere with and change the natural watershed and the natural flow and drainage of surface water running from defendant's property onto plaintiffs' property.*" (Emphasis added)

Once again, Haferkamp v. City of Rock Hill, 316 S.W.2d 620 (Mo.1958) debouches for a recitation of the Missouri law on liability for discharge of surface water on adjoining property.

 The Missouri rule on surface water is an outgrowth of the common enemy doc-

trine which held that each landowner had a right to protect his property from surface water without regard for any possible adverse effects suffered by adjacent landowners. The Missouri rule is a modification of the common enemy doctrine and provides that "a landowner in the reasonable use and development of his land may drain it *by building thereon sewers, gutters and such other artificial water channels* for the purpose of carrying off the surface waters into a 'natural surface-water channel' (citation omitted) located on his property without liability to the owner of the neighboring land . . . provided that he acts without negligence, and *provided further that he does not exceed the natural capacity of the drainway to the damage of neighboring property.*" Haferkamp v. City of Rock Hill, supra, at 625–626 (Emphasis added).

The Haferkamp decision, which has been consistently followed,[1] makes actionable:

a) the artificial collection of surface water and the dumping of it on adjoining property in increased and destructive quantities; b) the draining off of surface water in a manner which exceeds the natural capacity of the drainways; c) the discharging surface water onto adjacent land where it would not naturally have drained.[2] Skaggs v. City of Cape Girardeau, 472 S.W.2d 879, 875 (Mo.App.1971), notes that exceeding the natural capacity of a drainway is itself an act of negligence. Most recently, the principles recited in the Haferkamp case were reaffirmed in Miller Land Co. v. Liberty Township, 510 S.W.2d 473 (Mo. banc 1974), with special emphasis given to the fact that exceeding the natural capacity of the drainway with resultant damage to adjoining property is, of itself, actionable.

 Defendant charges that plaintiffs' petition lacks the magic words of Haferkamp that defendant "collected, accumulated or gathered" surface water and is therefore deficient and fails to state a cause of action. Defendant asserts that even giving plaintiffs' petition the most favorable treatment, all that is alleged is that defendant caused an increased flow of water on plaintiffs' property by grading and contouring its own land—a permissible land use under Casanover v. Villanova Realty Co., 209 S.W.2d 556 (Mo.App.1948). However, under Haferkamp, a cause of action may be stated by pleading that the landowner has built artificial channels which result in a surface water runoff exceeding the natural capacity of the natural drainway or that the landowner has discharged water onto an area causing change of location of the natural waterflow. Giving effect to Sumpter v. J. E. Sieben Construction Co., supra, which requires a finding of sufficiency of a petition after allowing all reasonable inferences implied from facts stated, we believe that the facts stated in plaintiffs' petition adequately apprise defendant that its acts, if accomplished, would create artificial channels exceeding natural capacity and discharge water into an area where it would not naturally have drained. Paragraph 4 of Count II specifically alleges that defendant's activities have changed the natural flow and drainage of the surface water, which is sufficient allegation that the natural drainage area has been changed. A cause of action has been thus stated.

 Defendant's second point of error is that the trial court abused its discretion in failing to set aside the default

1. See, among others, Miller Land Co. v. Liberty Township, 510 S.W.2d 473 (Mo. banc 1974); Wells v. State Highway Commission, 503 S.W.2d 689 (Mo.1973); Spain v. City of Cape Girardeau, 484 S.W.2d 498 (Mo. App.1972); Skaggs v. City of Cape Girardeau, 472 S.W.2d 870 (Mo.App.1971).

2. Haferkamp v. City of Rock Hill, 316 S.W. 2d at 627: "It is clear . . . that the

courts of this state have properly and correctly recognized that a distinction does and should exist between the discharge of surface water into a natural drainway on the landowner's property where it would have gone anyway, and the discharge of surface water on neighboring land where it would not naturally have drained."

judgment, in that there was no intentional neglect on defendant's part; that defendant exhibited meritorious defense to the cause of action; that no possible harm could accrue to plaintiffs by a trial on the merits. The matter of setting aside a default judgment rests primarily within the discretion of the trial court, Falcon Enterprises, Inc. v. Precise Forms, Inc., supra, 509 S.W.2d at 175. It is essential that the defaulting defendant show clearly that it had a good reason for the default and has a meritorious defense. DiStefano v. Kansas City Southern Ry. Co., 501 S.W.2d 551 (Mo.App.1973). Defendant's assertion that it has a meritorious defense is insufficient ground for setting aside the default judgment, and, on the record before us, we find no abuse of the trial court's discretion in overriding defendant's motion to set aside the judgment in this case. See Rose v. Rose, 401 S.W.2d 946 (Mo.App.1966).

■ Finally, defendant argues that it was error to refuse defendant's participation on the issue of damages after judgment as to liability and damages had been made. We disagree. It is true, as defendant asserts, that in the event of default there is no admission of damages, and damages must be proved. Sumpter v. J. E. Seiber Construction Co., supra; Thomas v. Commercial Credit Corp., 335 S.W.2d 703 (Mo.App.1960). And the measure of damages for injury to real property is generally the difference in the market value of the property immediately before and after the alleged damage. Misch v. C. B. Contracting Co., 394 S.W.2d 98 (Mo.App. 1965). In this case, plaintiffs through expert testimony presented proper proof of damages as required, and there was sufficient proof to support the judgment of the court as to the damages.

■ Defendant relies on Electrolytic Chlorine Co. v. Wallace & Tiernan Co., 328 Mo. 782, 41 S.W.2d 1049 (1931), to assert that it had an absolute right to participate in the hearing on the issue of damages although it was not present at the time of hearing on proof of damages. But the Electrolytic Chlorine Co. case is based on § 511.130 and § 511.170 RSMo 1969, V. A.M.S., and concerns a suit involving several defendants, some of whom filed pleadings and some of whom were in default, with only an interlocutory judgment being entered against those in default. That is not the situation in this case, for the judgment was made final—not interlocutory—against defendant upon proper proof of damages.[3]

The judgment is affirmed.

CLEMENS, Acting P. J., and Mc-MILLIAN, J., concur.

---

3. For some cases upholding default judgments after damages proven but without the presence or participation of defaulting defendant, see: Falcon Enterprises, Inc. v. Precise Forms, Inc., supra; Rook v. John F. Oliver Trucking Co., 505 S.W.2d 157 (Mo. App.1973); DiStefano v. Kansas City Southern Ry. Co., supra; Head v. Ken Bender Buick Pontiac, Inc., 452 S.W.2d 596 (Mo. App.1970); Thomas v. Commercial Credit Corp., supra; Oliver v. Scott, 208 S.W.2d 468 (Mo.App.1948).