**Flora B. ROOK, Plaintiff-Appellant,**

v.

**PUBLIC SCHOOL RETIREMENT SYSTEM OF the CITY OF ST. LOUIS, Defendant-Respondent.**

**No. 41479.**

Missouri Court of Appeals, Eastern District, Division Three.

Jan. 22, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 15, 1980.

Application to Transfer Denied March 11, 1980.

John A. Schneider, Mark T. Stoll, Richeson, Roberts, Wegmann, Gasaway, Stewart & Schneider, Hillsboro, for plaintiff-appellant.

Amy Rehm Hinderer, St. Louis, for defendant-respondent.

DOWD, Presiding Judge.

Flora Rook, plaintiff below, appeals from the dismissal of her petition for failure to state a claim.

The plaintiff's petition alleges that she is a retired employee of the Saint Louis Board of Education who served more than five years as a school teacher who retired after June 30, 1957 and before January 1, 1971 and who is now receiving retirement benefits. As such, plaintiff alleges that she was eligible for benefits under § 169.585, RSMo 1969 which provides that any retired teacher currently receiving benefits, who served five years or more as a teacher and who

retired after June 30, 1957 and before January 1, 1971 could, upon making application receive additional benefits. Plaintiff alleges that she was eligible to receive these additional benefits from August 13, 1972 to the present but was not notified by the Retirement System of her eligibility for such benefits until April, 1978. Other employees situated similarly to the plaintiff were notified of their eligibility prior to April, 1978. Plaintiff claims that defendant's failure to notify her of her eligibility for benefits on the earliest date from which she could have received such benefits resulted in a loss to plaintiff of $2,903.52.

Missouri Supreme Court Rule 55.05 requires that a pleading which set forth a claim for relief "shall contain (1) a short and plain statement of the facts showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief to which he deems himself entitled." The purpose of pleadings is "to present, define and isolate the controverted issues so as to advise the trial court and the parties of the issues to be tried and to expedite the trial of a cause on the merits." *Walker v. Kansas City Star Company*, 406 S.W.2d 44, 54 (Mo.1966), quoting *Johnson v. Flex O-Lite Manufacturing Corporation*, 314 S.W.2d 75, 79 (Mo.1958). The petition must state a claim upon which relief can be granted. *Eilers v. Kodner Development Corporation*, 513 S.W.2d 663, 665 (Mo.App.1974).

When reviewing the propriety of the granting of a motion to dismiss on this ground, this court must assume that every fact pleaded in the petition is true and it must give the plaintiff the benefit of every favorable inference which may be reasonably drawn from the facts pleaded. *Parker v. Sherman*, 456 S.W.2d 577, 578 (Mo.1970). *Euge v. Golden*, 551 S.W.2d 928, 931 (Mo.App.1977).

Viewing plaintiff's petition liberally, we are convinced that the petition fails to state a claim for relief. *Mattingly v. St. Louis County*, 569 S.W.2d 251, 252 (Mo.App.1978).

In her petition, plaintiff quotes extensively from § 169.585, RSMo 1969. This statute merely provides that if a retired school teacher applies for certification as a special school advisor, she must be hired, with compensation if such appointment is deemed to be fiscally sound. Plaintiff does not claim, nor do the facts indicate that the school system refused to appoint her as a special advisor after she made application. Plaintiff's allegations that she was never notified of her eligibility for benefits, that other teachers were notified and that such failure to notify resulted in a loss of benefits do not set forth any facts which will support her claim for relief. *See, Watson v. Franklin Finance*, 540 S.W.2d 186, 188 (Mo.App.1976).

The flaw in plaintiff's petition is its failure to allege facts from which a duty would arise requiring defendant to notify the plaintiff of her eligibility for appointment as a special school advisor. It is also clear from an examination of the statute that there is no duty imposed on the defendant to notify its members of the enactment of the statute.

Since plaintiff's petition does not contain averments, which if proved, would entitle her to relief it is fatally defective. The trial court did not err in dismissing plaintiff's petition for failure to state a claim.

Judgment affirmed.

CRIST and REINHARD, JJ., concur.