GENSON FREIDENHEIT, Defendant in Error, v. JOHN EDMUNDSON *et als.*, Plaintiffs in Error.

*Trespass—Damages.*—"Exemplary damages" would seem to mean, in the ordinary and proper sense of the words, such damages as would be a good round compensation, and an adequate recompense for the injury sustained, and

Freidenheit v. Edmundson et als.

such as might serve for a wholesome example to others in like cases. Where the defendants, forming part of a body of armed men, forcibly broke and entered the plaintiff's store, putting him in bodily fear, and took and carried away a large portion of the plaintiff's stock of goods, injuring his business, the mere value of the goods taken with interest thereon is not the proper measure of damages.

*Error to Buchanan Court of Common Pleas.*

The court instructed the jury on plaintiff's motion :

1. If the jury believe from the evidence that defendants with other persons wilfully and intentionally broke open the storehouse of the plaintiff, and wilfully and intentionally took and carried away therefrom divers articles of clothing or merchandise, forcibly and against the will of the plaintiff, they will find for the plaintiff the value of the goods so taken with interest thereon from the time the same were taken, and they may also find such further sum as to them may seem right in the way of exemplary damages, in all not exceeding five thousand dollars, the amount set forth in plaintiff's petition.

2. If the defendants, or either of them, were present and encouraged by words or otherwise others in the taking of said goods, they are as liable as if they actually took the goods themselves.

The court gave the above instructions, to which the defendants excepted.

The defendants then moved the court to instruct the jury as follows :

1. If the jury believe from the evidence that defendants either entered plaintiff's store and took his goods therefrom, or aided and encouraged others in so doing, they will find for the defendants, or such of them as are not guilty of so taking said goods, or aiding others in doing the same.

2. If the jury find for the plaintiff, the measure of damages is the value of the goods taken with interest thereon, from the time the same were taken, at the rate of six per cent. per annum.

The court gave the first instruction and overruled the

second, to which opinion overruling the second the defendants excepted.

*H. M. & A. H. Vories*, for plaintiffs in error, cited Dozier v. Germain, 30 Mo. 216, and Goetz v. Ambs, 22 Mo. 170.

*Ensworth & Grubbe*, for defendant in error.

The respondent takes the position that the court below ruled right in each and all of its rulings aforesaid, and in support of his position cites the following authorities: 27 Mo. 33-4; 14 Mo. 110 ; Hardin's R., Ky., 586 ; 1 Lit. Select Cas. 81 ; 1 Bibb, 248 ; 4 Lit. 162; 3 Mars. 455-6 ; 7 Mon. 395 ; 8 B. Mon. 432; 1 Mass. 11; 3 Wend. 391; 11 Pick. 379 ; 2 Gilm. 432 ; Sedg. on Dam. 38 & 453, and Appendix 622, and authorities there cited.

HOLMES, Judge, delivered the opinion of the court.

This case comes up by writ of error from the Buchanan Court of Common Pleas. The amended petition on which the case was tried, filed at the January term, 1864, states that the defendants, conspiring together and forming a design to resist the laws of the United States, wrongfully and with force of arms entered the plaintiff's store, while he was present, and took and carried away a large quantity of ready made clothing, taken promiscously from his stock of goods, (the precise number and kind of the articles he cannot recollect, having been prevented from taking an inventory of them), and of about the value of twenty-five hundred dollars ; and that said defendants and others unknown to him were armed with implements of war, and put the plaintiff in fear of his life, to his great damage in the loss of his property, the breaking up of his stock, and personal injury in the sum of five thousand dollars, for which he asks judgment. The answers of the defendants denied the allegations of the petition, and at the June term, 1865, there was a trial and verdict for $4,500 damages for the plaintiff. The defendants moved for a new trial chiefly on the ground that the instructions given and refused were erroneous, and that the dama-

ges were excessive. At the suggestion of the court, the plaintiff entered a *remititur* of one thousand dollars, and the motion for a new trial was overruled.

The evidence tended to prove the facts stated in the petition, and it appeared that the defendants, with others, engaged in raising military companies for the purpose of joining Sterling Price's army, and making war on the United States and the provisional government of this State, and, armed with military weapons, forcibly broke open the doors of the plaintiff's store, though shut up by him, and, putting his life in danger, abstracted several wagon loads of clothing, the exact value of which the witnesses could not state. One witness saw seven loads brought on the shoulders of men, and thrown into two wagons, the value of which he thought might be $800 or $1,000; and other witnesses saw goods brought out and thrown into six different wagons, the value of which they could not state. And it was admitted that the defendants took, or aided in taking, the goods in question.

The court instructed the jury to the effect, that, if the defendants forcibly broke open the plaintiff's store, and carried away his goods, they would find for the plaintiff the value of the goods so taken, with interest thereon from the time the same were taken, and that they might also find such further sum as to them might seem right in the way of exemplary damages, in all not to exceed the amount claimed in the petition; and refused to instruct for the defendant, that the measure of damages was the value of the goods taken, with interest thereon from the time the same were taken at the rate of six per cent. per annum. It is insisted that there was error in giving and refusing these instructions, and that the damages are excessive.

On the issues made, the question for the jury was, what amount of damages, not exceeding the sum claimed, would be a full and complete compensation, recompense, or satisfaction for the injury sustained by the plaintiff. (2 Greenl. Ev., § 253.) The damages must be commensurate with

the injury. The defendants claim here that the value of the goods taken, and interest thereon, shall be taken as the true measure of damages in such case. It is plain that this would fall far short of covering the whole extent of the issue referred to the jury, which involved the question, how much damage the plaintiff had suffered by the whole injury, and not merely the actual loss in the value of the goods taken. They not only took his goods, but broke open his doors with armed force, putting him in fear of bodily harm and threatening his life, if he resisted, and broke up his stock, and injured his business./ He was entitled to compensation for all this injury. Accordingly, the court instructed the jury that they should not only consider the value of the goods and interest, but might add such further sum as to them might seem right in the way of exemplary damages. *Exemplary* damages would seem to mean, in the ordinary and proper sense of the word, such damages as would be a good round compensation, and an adequate recompense, for the injury sustained, and such as might serve for a wholesome example to others in like cases. As we conceive, this does not go beyond the sense of the rule laid down by Greenleaf, and certainly comes within the doctrine maintained by Sedgwick. (Sedg. on Dam. 38 & 453–4.) The jury may give damages beyond the value of the goods, for breaking and entering the store, seizing his property, putting his person in danger, breaking up his stock and injuring his business, and greatly annoying and disturbing him. (2 Greenl. Ev. § 253 & n.; 2 *id.*, p. 257.) The more unsettled question, and what appears to be the principal thing in dispute between the authors above cited, whether the jury may, in any case, award merely vindictive and punitory damages, by way of punishing the defendant, rather than compensatory, the plaintiff proceeding on the ground that the general interest and good of society demand such punishment, does not necessarily arise in this case; and we are not to be understood as sanctioning a principle which, by the nature of it, would seem to belong rather to the domain of criminal

Freidenheit v. Edmundson et als.

than civil jurisprudence. We think there was no error in giving or refusing instructions. (Corwin v. Walton, 18 Mo. 71; Walker v. Borland, 21 Mo. 289; Goetz v. Ambs, 27 Mo. 28.)

Touching the amount of the damages, it was the province of the jury to determine that, on the evidence before them and in view of all the circumstances of the case, and the plaintiff having remitted a part of the verdict at the instance of the court below, we discover nothing in the case which would justify us in saying that the remainder was so excessive as to call for the interference of this court, or, indeed, that they were any more than enough. (Woodson v. Scott, 20 Mo. 272; Wells v. Sanger, 21 Mo. 354.)

Judgment affirmed. The other judges concur.