EDWARD McKEON, Respondent, *v.* THE CITIZENS' RAILWAY COMPANY, Appellant.

1. *Supreme Court — Instructions — Evidence.* — It is not the province of the Supreme Court to determine the force or effect of conflicting testimony. But it may consider what the evidence on either side tended to prove, and what not. Instructions should be given or rejected upon the case made by the evidence. Theoretical propositions, for which there is no proper foundation in the evidence, or which suppose a different state of the case from that which is proved, should not be given, for they directly tend to mislead the jury.

| | |
|---|---|
| 42 | 79 |
| 31a | 381 |
| 32a | 382 |
| 42 | 79 |
| 40a | 85 |
| 42 | 79 |
| 43a | 408 |
| 42 | 79 |
| 46a | 294 |
| 42 | 79 |
| 48a | 201 |
| 42 | 79 |
| 121 | 585 |
| 42 | 79 |
| 68a | 323 |

2. *Street Railroads — Statute — Construction.* — The effect and intention of the act concerning street railroads, approved January 16, 1860, is that when the injury to the passenger is occasioned by his getting on or off the car at the forward platform, it shall be presumed as a matter of law that the negligence of the passenger himself contributed to produce the injury.

3. *Damages — Punitory — When Allowed.* — Vindictive and punitory damages can be given, if ever in a civil case, only in cases where the injury is intentionally, willfully, and maliciously done.

4. *Railroad Companies — Responsibility.* — Street railroad companies are not responsible for the crimes of an employee; nor liable for his acts of willful and malicious trespass. They are only answerable for his negligence, or incapacity, or unskillfulness, in the performance of the duties assigned to him.

5. *Damages — Punitory — Civil Actions.* — It is questionable whether damages for punishment can be given in any civil action.

## *Appeal from St. Louis Circuit Court*

The following instructions were given on behalf of the plaintiff: (The remaining instructions which figure in the case appear in the opinion of the court.)

1st. If you find that the defendant, at the time of the injury to the plaintiff, was a corporation and common carrier, and that plaintiff was a passenger for hire in a car of defendant, and that defendant at the time of the injury had but one agent or servant on said car, and that such servant was on the front platform driving the same, and that plaintiff came on to the front platform to have the car stopped in order to get off the car, and while being on said front platform was thrown overboard or off the car and under its wheels, by the least negligence, want of skill or prudence, on the part of defendant's agent in managing said car, and that plaintiff then and there exercised ordinary care and prudence as a passenger, then the jury should find for plaintiff.

3d. The degree of care required of the plaintiff is ordinary care, which means that degree of care which may reasonably be expected of a person in the plaintiff's situation; and if the plaintiff used ordinary or reasonable care, and suffered an injury from the negligence of the defendant, their agent or servant, then the jury will find for plaintiff.

5th. The jury are to determine as to the credibility of the witnesses, and should give to the evidence of each just such weight as they may think it is entitled to; and if they believe any witness

in the cause has willfully sworn falsely, they may disregard all of his or her testimony.

7th. The fact that when the injury occurred the plaintiff was getting on or off the front end of the car does not relieve the defendant from liability, if the jury believe from the evidence that his so getting on or off was not from choice on his part, but was required by the misconduct of defendant, or any of its officers, servants, agents, or employees, while running the car, or by any rule adopted by defendant.

9th. Although the jury may believe that plaintiff was guilty of such carelessness or negligence as contributed to and brought about the injury done to him by the front wheel of the car, yet if the jury believe from the evidence that, after the injury by the front wheel was done, the car was stopped, and afterward defendant's driver, negligently, unskillfully, or recklessly, started the car and ran over the plaintiff's leg with the hind wheel, when but for such starting he might have been rescued by the bystanders without any injury from said hind wheel, then the defendant is liable to plaintiff for all damages done to him by the hind wheel.

*Cline, Jamison & Day*, for appellant.

I. The first instruction given for the plaintiff was erroneous and calculated to mislead the jury, and unsupported by any view of the evidence in the case (Huelsenkamp v. Citizens' R.R. Co., 34 Mo. 45.)

II. The sixth instruction given for the plaintiff was also erroneous. Punitory or exemplary damages should never be allowed in a case of this character. The weight of authority establishes the rule to be that, if the damages to the person be committed unintentionally, the award of the jury should be compensatory; but if the injury be willful and intentional, exemplary damages may be allowed. This instruction lays down a different doctrine, and permits the jury in all cases to yield to their prejudices against incorporated companies and saddle upon them ruinous verdicts, upon their interpretation of what is slight or gross negligence. The court should never permit a jury, by instruction in a civil case, to go beyond compensation, unless it found the defendant actuated

by malice in its legal sense; that is, in the language of the books, " willfulness — a wrongful act done intentionally, without just cause." (Goetz v. Ambs, 27 Mo. 28.)

III. The seventh instruction granted by the court for the plaintiff should not have been given. It contravenes the law, which is absolute, that no liability shall attach from any injury to a passenger in getting off or on the car at the front platform. The instruction states an exception to the law not found in its provisions. (Sess. Acts, 1860, p. 518, § 9; Taylor v. Carondelet, 22 Mo. 105; City of Carondelet v. Lannan, 26 Mo. 461; Huth's Adm'r v. City of Carondelet, 26 Mo. 466.)

IV. The ninth instruction was also incorrect. It admits that the carelessness and misconduct of the plaintiff placed him between the wheels of the car, and yet holds the defendant liable for any injury he may have received by the hind wheel, if the horses were permitted to start through the negligence of the driver, however slight the same may have been. According to all of the cases on this subject, if the party injured by his own negligence or unlawful conduct contributed directly to the injuries complained of, there can be no recovery.

*Hudgins & Son*, for respondent.

I. The record contains no exception or objection to the admission of evidence, and there is no record of the rejection of any; hence the assignment of error by the appellant, for the admission and rejection of evidence, cannot be considered by this court.

II. Common carriers are liable for the least degree of negligence where injury is sustained by a passenger who used ordinary care and prudence at the time to prevent the injury. This is all the first instruction, given by the court at the instance of the respondent, declares. It is an affirmation of a well-established rule of law, fixing the liability of a common carrier toward its passengers, as recently indorsed by this court in the case of Huelsenkamp v. Citizens' Railway Co. (37 Mo. 537; Stokes v. Solton *et al.*, 13 Pet. 192; 16 How. 474; 13 Conn. 327; 42 Penn. St. 365; Redf. Rail. § 149; 13 Wend. 611; Ang. Corp. §§ 523, 568, and 570; 21 Conn. 565; 14 How. 486; 32 Penn.

292 ; Story on Rail. § 601 ; 16 Barb. 115–353 ; 1 Duer, 233 ; 18 N. Y. 408.)

III.  The degree of care required of the plaintiff is ordinary care, which means that degree of care which may be reasonably expected of a person in the plaintiff's situation.  And if the plaintiff used ordinary or reasonable care, and suffered an injury from the negligence of the defendant, he is entitled to recover his damages.  This is the rule of law as declared in the plaintiff's third instruction and recently indorsed by this court in the case of Huelsenkamp v. Citizens' Railway Co.  (See, also, 12 Cush. 177 ; 8 Gray, 79 ; 17 Barb. 94; 1 E. D. Smith, 36 ; 4 id. 21 ; Redf. Rail. § 150 ; 24 Verm. 487 ; 3 Ohio St. 172 ; 4 Ohio, 474; 19 Conn. 507 ; 1 Ad. & El., N. S., 422 ; 34 Mo. 59.)

IV.  The fifth instruction asked by plaintiff was properly given by the court.  (34 Mo. 59.)

V.  It is a well-settled doctrine of the common law that a jury, in actions of trespass and tort, may inflict exemplary or vindictive damages upon a defendant, having in view the enormity of defendant's conduct rather than compensation to plaintiff.  The sixth instruction given for plaintiff affirms this rule by declaring that if the negligence was gross, then the jury might give exemplary damage ; otherwise they should only give compensation for actual injury.  The instruction was properly given.  (Stempson v. The Railroads, Wallace, Jr., R. 170 ; Sedg. on Dam., 3d ed., 490, 464; Question Reviewed, 10 Law Reporter, 49 ; Sanford v. Eighth Av. R.R., 23 N. Y. 343 ; 10 N. H. 130 ; Conrad v. The Pacific Ins. Co., 6 Peters. 272 ; Bride v. McLoughlin, 5 Watts, Penn. R., 375 ; Cheltham v. Tillotson, 3 Johns. 56 ; 14 Johns. 352 ; 15 Conn. 225, 267; 3 Scammon, 373 ; Tracy v. Swarbuort, 10 Peters, 81 ; 42 Penn. St. 365.)

VI.  The seventh instruction given for the plaintiff simply negatives the assumption of the respondent that he had a perfect exemption from all liability for the injuries occurring on the front end of the car by virtue of the statute pleaded in bar of this action.  If the defendant required the plaintiff to get on or off the front end, then they are liable, notwithstanding the statute of exemption.  Or, if plaintiff was required to come on the front

end by the agent, and was injured there, then they are liable. (Huelsenkamp v. Citizens' Railw. Co., 37 Mo. 537; 32 Barb. 657.)

VII. This court cannot interfere unless the damages are clearly excessive, even in a case where exemplary damages are inadmissible. (2 W. Black, 942; 3 Burr. 184; 4 T. R. 651; 5 Cow. R. 106; Graham N. T. 410 *et seq.;* 5 Mason, 497.)

VIII. Removing from the cars of defendant, passengers who fail to pay their fare, is within the scope of the general employ of the agent of defendant, and they are liable for his wrongful acts in using unnecessary force and violence. (42 Penn. St. 369; 30 Law J. Exch. 189; 21 How. 202; 4 Gray 465; 6 Jurist, N. S., Pt. 2, p. 143.)

HOLMES, Judge, delivered the opinion of the court.

This was an action for damages for an injury done to a passenger by reason of the carelessness and negligence of the driver of the car. The answer denied the material averments of the petition, and alleged that the plaintiff's injuries were the result of his own negligence. It set up a defense also under the statute entitled "An act concerning street railroads in the city of St. Louis," approved January 16, 1860. This act provided that "said railroad companies shall not be liable for injuries occasioned by the getting off or on the cars at the front or forward end of the car."

We have examined the evidence in order to see upon what basis of facts the instructions were given or refused. It is not our province to weigh evidence or to determine the force or effect of conflicting testimony, but we may consider what the evidence on either side tended to prove, and what not. Instructions should be given or refused upon the case made by the evidence. Theoretical propositions, for which there is no proper foundation in the evidence, or which suppose a different state of the case from that which is proved, should not be given, for they directly tend to mislead the jury.

The case made upon the evidence contained in the record, so far as it is necessary to be stated for the purpose of determining whether there was any error in giving or refusing instructions,

was substantially this: That the driver having gone to supper, the conductor was acting as driver in his absence; that the plaintiff, a passenger, being intoxicated and scarcely knowing what he was about, arose from his seat when the car drew near to his place of residence, and went to the forward platform of the car, where he had left his tools, threw the tools off the car, and attempted himself to get off, before the driver had brought the car to a stop; that the driver seized hold of him with one hand to prevent him from jumping or falling off while the car was in motion; that a scuffle ensued, the driver making every effort to prevent him from falling off, with one hand, while with the other he was holding down the brakes, some others also interfering; and that, in spite of all the driver could do, the man fell over the dashboard and under the wheels just before the car came to a stop; that the forward wheel injured his arm, and that before he was extricated the horses started and the next wheel went over his leg.

The mass and general tenor of the whole evidence would seem to show clearly enough that the horses were scared in the noise and confusion, and started forward without fault of the driver, while the expressions used by some of the plaintiff's witnesses might imply, but do not distinctly say, that the driver of his own motion started the horses and drove on. My own impression would be that the jury could not have believed, upon the evidence, that the driver intentionally and willfully drove on while the man was under the car, at the risk of killing him, much less with any intent to do him harm. But the instructions will be considered upon the theory that there was some evidence before the jury from which they might be warranted in inferring negligence on the part of the driver in allowing the horses to start forward.

The effect and intention of the statute would seem to be that where the injury to the passenger is occasioned by his getting off or on the car at the forward platform, it shall be presumed, as a matter of law, that the negligence of the passenger himself contributed to produce the accident and injury, and it is therefore declared that the company shall not be liable in such case. A like construction was given to a somewhat similar statute provision in the case of Higgins v. Hann. & St. Jo. R.R. Co., 36 Mo.

436. It is not supposed that this presumption would preclude the other party from showing that the injury was not occasioned by any such contributory negligence at all, but by some negligence in the officers or agents of the company, wholly independent of the fact that the passenger had attempted to get off or on the car on the front platform. If the accident and injury were occasioned by reason of such attempt to get on or off the car at the front end, the defendant, under the statute, would be relieved from liability, though guilty of some negligence, and without reference to the question whether it was in fact the negligence of the one party or the other which actually caused or produced the injury. But again, if the injury were occasioned by the negligence of the driver, in intentionally starting the horses, or in carelessly allowing them to start forward, while the man was lying underneath the car, that would be an independent act of negligence for which the company might be liable; it would raise a question of the capacity, competency, and fitness of the servant for such a place.

The evidence clearly shows that the man was intoxicated, and that he imprudently attempted and persisted in his attempt to get off the car while it was in motion, and that the driver did all he could to prevent him and to save him from falling under the wheels. We find nothing in the evidence that could properly be taken as tending to prove that the driver intentionally and willfully or maliciously started the horses forward. The most that can fairly be claimed for it would be that some vague expressions might tend to show negligence in the driver, or a want of that extraordinary care which the state of things would require in a prudent and careful man under like circumstances.

The first and third instructions given for the plaintiff, besides that they assumed some facts not warranted by the evidence, were directly in contravention of the statute as above explained. The seventh was erroneous, for the reason that there was nothing in the evidence that could justify such an instruction, and it tended to mislead the jury. To the ninth instruction we see no objection.

The first instruction refused for the defendant reads as follows:

" If the jury find that the injuries complained of were occasioned by plaintiff while attempting to get off of the front or forward end of the defendant's car, then they will find for the defendant." This proposition recognized the statute presumption in relation to contributory negligence, and embraced the whole issue on behalf of the defendant; and we think it should have been given. The instructions which were given for the defendant cannot be said to have covered the same ground.

The refusal of the other instructions asked for the defendant, considered with those which were given for him, would not amount to any error by which he could have been seriously prejudiced, and some of them were objectionable as placing the whole issue on particular facts.

The sixth instruction given for the plaintiff requires a particular notice. It told the jury, first, that if the negligence or misconduct were not gross, they would assess the damages at a reasonable compensation for the injury, suffering, and expenses, caused by such negligence; but, second, that if the negligence were gross, then they would find " liberal or exemplary damages, in their discretion, beyond the actual injury sustained by the plaintiff, for the sake of the example and punishment for such gross negligence." This second proposition carries the idea of exemplary damages entirely beyond a full recompense for the injury sustained, and authorizes vindictive and punitory damages. This goes further than the law ever allows in a case of this kind. Such damages certainly can be given, if ever in a civil case, only in cases where the injury is intentionally, willfully, and maliciously done. (Goetz v. Ambs, 27 Mo. 33.) This instruction awards them upon gross negligence merely. In the case of Goetz v. Ambs, such damages were spoken of as exemplary damages. In Freidenheit v. Edmondson, 36 Mo. 226, we had occasion to consider what was properly meant by exemplary damages. It was a case of willful injury, and exemplary damages were defined to be merely a round compensation or an adequate recompense for the injury sustained. Such damages may serve for an example to others in like cases, and may so far be called exemplary. The question of punitory damages was not necessarily involved

in that case; but a distinct intimation was given that the principle of administering punishment belonged rather to criminal than to civil jurisprudence. If the conduct of this driver were willful and malicious, with intent. to injure the plaintiff, he might be liable to indictment for assault with intent to kill, or some other criminal offense; but his employer was not responsible for his crimes, nor liable for his acts of willful and malicious trespass. The company was answerable only for his negligence, or his incapacity or unskillfulness in the performance of the duties assigned to him. In such case we have no hesitation in saying that punitory damages, or any damages beyond a full compensation for the injury sustained, cannot be allowed. It is, at least, very questionable, upon principle and authority, whether damages for punishment can be given in any civil action. My own opinion is that they cannot. But, independently of this question, the instruction was clearly erroneous.

The case not having been fairly tried under instructions which can be regarded as correct, the judgment will be reversed and the case remanded. The other judges concur.

I dissent from so much of the above opinion as refers to the question of damages. DAVID WAGNER.