**Virginia P. McCLELLAN, Plaintiff-Appellant,**

v.

**HIGHLAND SALES & INVESTMENT CO., Inc., Defendant-Appellant.**

No. 52566.

Supreme Court of Missouri, Division No. 1.

Dec. 11, 1967.

Edward F. Aylward, Kansas City, for plaintiff-appellant.

Terrell, VanOsdol & Magruder by Robert F. Redmond, III, Kansas City, for defendant-appellant.

HIGGINS, Commissioner.

Action to require removal of remains from a grave (Count I), for actual damages (Count II), and punitive damages (Count III) for trespass upon the grave. Jury verdict on Counts II and III was for plaintiff for $550 actual and $1,000 punitive damages; Count I was dismissed by the court. Plaintiff appeals from the dismissal of Count I and from the award of a new trial to defendant on Count II; defendant appeals from the overruling of its motion for judgment in accordance with its motions for a directed verdict.

Both appellants assert jurisdiction in the supreme court on the theory that the action involves title to real estate.

Plaintiff's Count I alleged that in May 1964 she was the owner of a grave in which she was to be buried with her husband, Grant H. McClellan, who predeceased her; that defendants[1] "notwithstanding her ownership and a headstone with her and her husband's name thereon standing by said grave, trespassed upon and buried another person in said grave; that plaintiff has no adequate remedy at law to restore her grave to herself so she can be buried

---

1. Lawrence A. Jones Mortuary, Inc. and Lawrence A. Jones originally were joined as defendants. The suit was dismissed as to them at the close of plaintiff's case and they no longer are in the case.

with her husband at her death." The prayer of Count I was that defendants "be made to remove the body and remains from the grave of which she is owner * * * and such other * * * relief, including injunctive relief, as the Court deems just and proper."

Count II charged that defendants "wrongfully buried another person in said grave; that defendants thereby trespassed upon plaintiff's real property." The prayer was for $1,000 actual damages. Count III charged that the action alleged in Count II was willful, wanton, and malicious, and prayed for $5,000 punitive damages.

Defendants' answer was a general denial and "Further answering, defendants state that plaintiff's husband, Grant H. McClellan, was buried in Grave 11, Lot 7, Block 7, Highland Cemetery on February 4, 1958; that said grave lot was purchased by his estate together with the adjoining lot, No. 12; that the decedent's son, Eddie McClellan, was the executor and sole residuary beneficiary of said estate * * *; that on or about November 24, 1963, the decedent's first wife, Bessie McClellan, died; that Eddie McClellan, her son, instructed Lawrence A. Jones Mortuary and Highland Cemetery to bury his mother in grave No. 12 which he had purchased as executor of his father's estate; that Bessie McClellan was buried * * * November 27, 1963; that the cost of said grave lot was $50.00; and that the plaintiff has no right, title or interest therein."

Plaintiff, Virginia P. McClellan, married Grant H. McClellan September 7, 1956. He previously had been married for forty-three years to Bessie McClellan, their marriage ending in divorce June 17, 1949. Grant and Bessie McClellan raised Eddie McClellan as their son. Grant McClellan died and was buried in Grave 11, Lot 7, Block 7, Highland Cemetery, owned by defendant Highland Sales and Investment Co., Inc., February 4, 1958. Funeral arrangements were made with Watkins Brothers Funeral Home by plaintiff (her version) and by Eddie McClellan (his version). Plaintiff made a cash deposit on the funeral bill of $150, and the balance of $1,057.29 was paid from the estate of Grant McClellan by Eddie McClellan, executor. The bill included an item of $50 for a reserved grave beside the grave in which Grant McClellan was buried. Plaintiff claimed this grave to have been reserved for herself. All arrangements concerning the funeral and grave were made by Watkins Brothers Funeral Home. Plaintiff received nothing from Highland; Highland received nothing from plaintiff. Highland was not advised for whom the grave was reserved except for the McClellan family. Plaintiff testified that she called Highland Cemetery several times about a deed to the reserved lot.

Upon the death of Bessie McClellan, November 24, 1963, Eddie made arrangements for her funeral and burial with Woodland Funeral Home. He advised the funeral director, Lawrence Jones, that he had reserved a grave site in Highland Cemetery and that his mother, Bessie McClellan, could be buried there. Mr. Jones confirmed the reservation of a grave in the name McClellan, and Bessie McClellan subsequently was buried in that grave, No. 12, Lot 7, Block 7, Highland Cemetery, November 27, 1963.

In the fall of 1958, plaintiff ordered a double grave marker through Watkins Funeral Home and had it placed on these grave sites at a cost of $226.96. It was inscribed "Grant H., 1888–1958" and "Virginia P., 1903–19 ." This marker was in place when Bessie McClellan was buried. Eddie did not recall seeing it; plaintiff was not at the burial; and Mrs. Alma P. Morrison, manager of Highland Cemetery, did not know of the inscription until after the burial of Bessie McClellan when it was brought to her attention by plaintiff after she discovered the situation Memorial Day 1964. Mrs. Morrison was unaware until this time that Grant McClellan had been married twice. She also explained that it was not unusual for deeds not to be issued for burial sites.

" * * * the character of a cause of action is determined from the facts stated in the petition and not by the prayer or name given the action by the pleader," State v. Consolidated Sch. Dist. No. 4 of Iron County, Mo., 417 S.W.2d 657, 659 [3]; and examination of the petition in that light (and the facts established by the evidence) does not show this case to involve title to real estate within the meaning of Article V, Section 3, Constitution of Missouri, V.A.M.S.

A right of interment, even though not strictly an easement, is an interest in real property for purposes of jurisdiction in this court provided the action directly determines a controversy involving title to the easement, or seeks to establish an easement, or seeks to set aside an easement. Billings v. Paine, Mo., 319 S.W.2d 653. See also Moss v. James, Mo.App., 403 S.W. 2d 661, 662 [2, 3]. The above proviso has been defined: "Title must not only be in issue; it must be in issue directly, as distinguished from collaterally or incidentally. * * * The judgment sought or rendered must be such as will directly determine title in some measure or degree adversely to one litigant and in favor of another; or, as some of the cases say, must take title from one litigant and give it to another." Nettleton Bank v. McGauhey's Estate, 318 Mo. 948, 2 S.W.2d 771, 774 [7, 8]; Schell v. Schell, Mo., 381 S.W.2d 864, 865.

There is no allegation in plaintiff's petition that this defendant owns or claims any interest in plaintiff's alleged right of interment or burial easement; neither does defendant make any claim to plaintiff's alleged interest, nor does the evidence show any such claim. Defendant simply alleges by answer that title to the burial easement claimed by plaintiff is in the estate of Grant McClellan. In briefing the question of jurisdiction defendant "submits that the relief sought by Count I on the facts alleged is a decree divesting a third party (Bessie McClellan) of her continued enjoyment of the burial easement granted by defendant and establishing such easement in the plaintiff," and plaintiff admits that "defendant did not aver ownership itself." These concessions are consistent with the pleadings and the evidence and it is not shown that any judgment is sought or would result in which title to an interest in real estate would be taken from one litigant and given to another. Schell v. Schell, supra. See also Billings v. Paine, supra, and State ex rel. Place v. Bland, 353 Mo. 639, 183 S.W.2d 878, 884 [3, 4], where both plaintiff and defendant claimed title to the real estate in question and sought relief which would take title from one party and place it in the other and jurisdiction was in the supreme court. Cf. Dillard v. Sanderson, 282 Mo. 436, 222 S.W. 766, and Gibson v. Sharp, 364 Mo. 1007, 270 S.W.2d 721, were neither party sought a judgment which would or could take title from one party and lodge it in another and jurisdiction was transferred to the court of appeals.

It is not alleged nor shown that defendant claims any title to real estate which could be taken from it and given to plaintiff, and defendant seeks nothing from plaintiff but to be discharged with its costs. Accordingly, title to real estate is not involved and jurisdiction is in the court of appeals.

Cause transferred to Kansas City Court of Appeals.

HOUSER and WELBORN, CC., concur.

PER CURIAM:

The foregoing opinion by HIGGINS, C., is adopted as the opinion of the court.

All of the Judges concur.