**Virginia P. McCLELLAN, Plaintiff-Appellant,**

v.

**HIGHLAND SALES & INVESTMENT CO., Inc., Defendant-Appellant.**

**No. 24980.**

Kansas City Court of Appeals.

Missouri.

June 3, 1968.

Edward F. Aylward, Kansas City, for plaintiff-appellant.

Robert F. Redmond, III, Kansas City, Terrell, Van Osdol & Magruder, Kansas City, of counsel, for defendant-appellant.

SPERRY, Commissioner.

This is a controversy over the ownership of a grave site. The case was transferred to us by Supreme Court, 426 S.W.2d 74.

Plaintiff pleaded that defendant is the owner and operator of Highland Cemetery; that, in May of 1964, plaintiff was the owner of a grave (site) therein in which she was to be buried beside the remains of her deceased husband, Grant H. Mc-Clellan; that defendant trespassed upon and buried another body in said grave site.

In the first count plaintiff prayed that defendant "be made" to remove the body and remains from the grave of which she is the owner. In her second count she prayed for a judgment of $1,000.00 for actual damages and, in her third count, plaintiff alleged that the action of defendant was wilful, wanton, and malicious, and she prayed for punitive damages in the sum of $5,000.00.

Trial to a jury resulted in a verdict for plaintiff on the second count for $550.00, and on the third count, for $1,000.00. These two counts alone were tried to the jury. Defendant moved to set aside the verdict and enter judgment for defendant or to grant a new trial. The court overruled the motion for judgment as to counts two and three but granted defendant a new trial, as to those counts; and the court sustained defendant's motion to dismiss count one of the petition. Both parties have appealed.

In sustaining defendant's motion for a new trial as to counts two and three, the court said:

" * * * does sustain defendant's motion for a new trial for the reason that plaintiff's evidence was sufficient in law to form a basis for a verdict for the plaintiff because no submissible evidence was offered or received which raises a jury issue on the allegations of ownership contained in plaintiff's petition, * * *."

No reason was stated by the court regarding its action in dismissing count one of the petition. We are required to carefully review the evidence in the case.

Plaintiff testified to the effect that she was the wife of Grant H. McClellan; that he had been previously married to Bessie McClellan and was divorced from her; that Grant died on January 30th, 1958; that plaintiff went to Watkins Brothers Funeral Home, in Kansas City, to make arrangements for his funeral; that she did not know the whereabouts of his records and effects; that Watkins required that there be a deposit made on the expected burial expenses; that she had no bank account but made a cash deposit of $150.00 *on the burial expense;* that, at that time, she reserved a second or extra grave, to be used for her own burial place; that Grant was interred in grave No. 11, Lot 7, Block 7, Highland Cemetery.

Plaintiff contends that the lot that she reserved was No. 12, located beside No. 11; that she paid $50.00 for this lot. She did not offer in evidence a deed or other written proof vesting title in her name to any lot. She identified her exhibit 3 as being a receipt for $50.00 for a grave and said: "Three is when I bought my grave and I paid $50.00 on the second grave, extra." Exhibit 3 is, in fact, an interment record, so described at the top of the instrument. It is dated February 3rd, 1958. The following appears thereon: name, Grant H. McClellan; date of death January 30, 1958; undertaker Watkins Brothers; grave 11, Lot 7, Block 7; name of relative or friend, Mrs. Virginia P. McClellan, wife; chapel service Tuesday February 4th, 1958, 12 o'clock—noon; vault #30 size service charge $40.00, second-extra; grave cost $50.00. Mrs. Morrison, defendant's office manager, later stated that it is a record made by defendant and was delivered by it to Watkins Brothers Funeral Home.

On cross examination she was asked if she personally received exhibit 3 from defendant. She said: "It all come through Watkins Brothers * * * Highland hasn't given me anything." She stated that she received the exhibit after the funeral, that she paid defendant nothing, *"all my business I transacted at Watkins."* (Emphasis ours). She said that she did not attend the funeral of Bessie McClellan.

She stated that, September 9th, 1958, she purchased a stone marker bearing the name of McClellan—Grant H.—Virginia P., and caused it to be installed on graves 11 and 12. She identified exhibits which were an invioce and receipt for a marker and also a picture showing such a marker at the grave. She stated that she visited the grave site on Memorial Day, 1964, and saw that it had been disturbed; that she then talked to Mrs. Morrison, manager of defendant, and learned that Grant's first wife, Bessie, had been interred in the grave site which plaintiff had reserved for her own use.

Plaintiff identified exhibit 2 as a receipt from Watkins Brothers Funeral Home. It is dated April 11th, 1958. Therein it is recited: Received of Virginia P. McClellan for Grant H. McClellan $1,201.57. The figure $150.00 also appears opposite the $1,201.57. When asked: "How much did you pay towards the funeral bill?", she replied "$150.00."

Eddie McClellan testified to the effect that Grant was his father; that his mother was Bessie McClellan, and, again, that Bessie was not his mother; that, after Grant's death, he conferred with Watkins regarding funeral arrangements, on two occasions prior to the funeral; that plaintiff was present on one occasion but that she did not have possession of or know anything about Grant's assets; that she did not pay anything to Watkins when witness was present; that Michael Konomos had been Grant's attorney; that witness learned that Konomos had possession of Grant's will·; that, when witness paid the funeral bill at Watkins, he reserved an extra grave site and requested it be held for witness (who was the residuary legatee and executor under Grant's will, which was in evidence); that he later caused his mother's body to be interred in grave No. 12. (Lawrence Jones, of Woodland Funeral Home *was in charge of Bessie's funeral. He was a party* defendant in this case but was dismissed and no appeal was taken from that action). Eddie identified defendant's

exhibit 2 as being a copy of the bill he paid. It is a printed form entitled: "Statement Watkins Brothers Funeral Home." It was dated February 1st, 1958. Appearing thereon, in part, is: "Mrs Virginia P. McClellan for Grant H. McClellan, Personal service $764.50, Casket 1, Embalming 1, Vault 1—$137.50, sales tax $15.29, total $917.29, grave—Highland (res. $50.00) $140.00, grand total $1,057.29." He stated that he alone made the funeral arrangements and told Jones that, when he paid Watkins, "I reserved a grave site and that he could bury my mother there", at Highland; that plaintiff had not, at that time, made claim to him regarding the lot; that he first learned of her claim some two years prior to *trial;* that there was no stone at the grave site at the time of Bessie's interment, in November of 1963. He stated that he had never received a deed for grave site 12.

Mrs. Morrison, manager for defendant, testified to the effect that one of her duties is to prepare interment records; that she prepared plaintiff's exhibit 3; that this record is delivered to the undertaker at the graveside (and he gives it to the family) together with a bill constituting charges due from the undertaker; that the words "second extra" appearing on exhibit 3, had no reference to an extra grave; that such words indicate the size of the vault, as being larger than the smaller size, sometimes used; that the service charge of $40.00 was for handling the vault and grave; that the "second extra" has reference to defendant's various charges; that, for small size persons, the charge for servicing the grave and vault is $35.00; for the first extra size it is $37.50 and, for the second extra size, it is $40.00; that this is the charge for opening the grave, for handling the vault, and for interment; that it was a large grave; that defendant made a record that a second grave was reserved because Watkins stated that the McClellan family wanted a second grave, but that it was reserved for the McClellan family not for any one person; that Watkins paid

defendant all charges that were made; that nothing was paid by any other person; that Lawrence Jones was told, in answer to his inquiry, that there was a grave reserved for the McClellan family; that witness was present when Bessie was buried in grave 12; that there was a marker at grave 11 or 12 at that time; that she did not know that Grant had been married twice; that she was shocked to learn from plaintiff, after Memorial Day, 1964, that the grave site which was used for Bessie "should have been used for her", that "I didn't know that"; that she told plaintiff that she, plaintiff, was present at Bessie's funeral, that witness saw her, and that if plaintiff had told her of claim, she, Mrs. Morrison, would have stopped the funeral; that plaintiff stated that she was present at the burial services of Bessie but was shocked; witness stated that no deed was ever issued for No. 12, which was not unusual; that grave No. 12 was paid for ($50.00) by Watkins.

Plaintiff's cause of action is bottomed on the theory that she was the owner of lot 12 at the time Bessie was interred therein. Both parties tried the case on that theory. Both appealed to the Supreme Court on the theory that title to real estate was involved and in dispute. That court held that defendant did not claim title to grave No. 12.

In disposing of the question of Supreme Court jurisdiction that court said: "Plaintiff received nothing from Highland; Highland received nothing from plaintiff. Highland was not advised for whom the grave was reserved except for the McClellan Family. Plaintiff testified that she called Highland Cemetery several times about a deed to the reserved lot.

"Upon the death of Bessie McClellan, November 24th, 1963, Eddie made arrangements for her funeral and burial with Woodland Funeral Home. He advised the funeral director, Lawrence Jones, that he had reserved a grave site in Highland Cemetery and that his mother, Bessie McClellan, could be buried there. Mr. Jones

confirmed the reservation of a grave in the name of McClellan, and Bessie McClellan subsequently was buried in that grave, No. 12, Lot 7, Block 7, Highland Cemetery, November 27th, 1963.

"In the fall of 1958, plaintiff ordered a double grave marker through Watkins Brothers Funeral Home and had it placed on these grave sites at a cost of $226.96. It was inscribed 'Grant H., 1888–1958' and 'Virginia P., 1903–19'. This marker was in place when Bessie McClellan was buried. Eddie did not recall seeing it; plaintiff was not at the burial; and Mrs. Alma P. Morrison, manager of Highland Cemetery did not know of the inscription until after the burial of Bessie McClellan when it was brought to her attention by plaintiff after she discovered the situation Memorial Day, 1964. Mrs. Morrison was unaware until this time that Grant McClellan had been married twice. She also explained that it was not unusual for deeds not to be issued for burial sites."

The trial court granted a new trial as to counts two and three of the petition on the basis that the evidence is not sufficient to sustain the judgment. In light of our review of the evidence heretofore set out, we agree with this conclusion.

Since it appears from the record in the case that there probably is in existence evidence from which this controversy can be intelligently and logically settled, we conclude that the trial court did not abuse its discretion in granting a new trial instead of sustaining defendant's motion for judgment in accordance with the motion for directed verdict. As to count one the trial court overruled plaintiff's motion for new trial or judgment and sustained defendant's oral motion to dismiss such count.

Since this case must be remanded for new trial as heretofore pointed out, we believe that the retrial should be on all issues including those raised by count one of the petition and the issues tendered by said count one should be ruled in light of

the evidence as it may be adduced at the new trial.

For the reasons heretofore set out, the order of the trial court granting a new trial as to counts two and three is affirmed and the order of the trial court dismissing count one is reversed and the cause is remanded for new trial on all three counts of the petition.

MAUGHMER, C., concurs.

PER CURIAM:

The foregoing opinion of SPERRY, C., is adopted as the opinion of the Court.

All concur.