Virginia P. McCLELLAN, Appellant,

v.

HIGHLAND SALES & INVESTMENT COMPANY, Inc., and Eddie Grant McClellan, Respondents.

No. 56481.

Supreme Court of Missouri, Division No. 2.

Sept. 11, 1972.

Edward F. Aylward, Walter Disney, Kansas City, for appellant.

Robert F. Redmond, III, Kansas City, for respondent, Highland Sales & Investment Company, Inc.; Terrell, Van Osdol & MacGruder, Kansas City, of counsel.

HOUSER, Commissioner.

This is the third consideration by an appellate court of litigation instituted by Virginia McClellan, second wife of Grant H. McClellan, deceased, having as its object the disinterment of the body of his first wife Bessie from its resting place alongside Grant and the recovery of actual and punitive damages from Highland Sales & Investment Company, owner and operator of the cemetery, and from Bessie's son Eddie, on the theory that defendants buried another person in plaintiff's cemetery lot, thereby trespassing upon plaintiff's property. Following the first trial an appeal was taken to this Court on the theory that title to real estate was involved. We transferred the appeal to the Kansas City Court of Appeals since title to real estate was not then involved. See McClellan v. Highland Sales & Investment Co., Mo.Sup., 426 S.W.2d 74, in which are set forth the original pleadings and salient facts developed at the first trial. On transfer the court of appeals reversed the trial court's order dismissing Count I, affirmed the order granting a new trial on Counts II and III for insufficiency of evidence to sustain the judgment on those counts, and remanded the case for a new trial on all three counts on the ground that the record indicated "that there probably is in existence evidence from which this controversy can be intelligently and logically settled." McClellan v. Highland Sales & Investment Co., Mo.App., 429 S.W.2d 326. The background of the case is further delineated in the opinion of the court of appeals. Reference is made to the two previous opinions for the history of the case to the time of remand for a new trial, which need not be repeated here.

On remand plaintiff filed a third amended petition, adding Bessie's son Eddie Grant McClellan as a party defendant, and adding to the original charge of trespass allegations that plaintiff purchased the cemetery lot in question, erected a headstone with her name alongside that of her deceased husband's and maintained possession of the lot; that the owner of the cemetery and Bessie's son are claiming title to her lot adverse to her, constituting a cloud on the title. Again she prayed for disinterment of Bessie's body and injunctive relief, and in addition prayed in Count I that the court try and determine title to the lot and declare plaintiff to be the fee simple owner of said lot and easement. Counts II and

III of the third were the same as Counts II and III of the second amended petition, except that the prayer in Count II for actual damages was increased from $1,000 to $6,000 and the prayer in Count II for punitive damages was increased from $5,000 to $9,500.

At the hearing on remand, conducted by the court without the aid of a jury, the only witness called by either party was Alma C. Morrison, whose testimony was substantially the same as that given at the first trial. Two additional documents were produced: (1) the Highland Cemetery invoice for charges made at the time of Grant McClellan's funeral. That document, dated February 4, 1958, showed a charge of $50 for Grave No. 11 in which he was buried, $40 for the vault used, and $50 for "resereved (sic) Grave #12." The invoice further recited "Please issue deed to Mrs. Virginia McClellan—wife" and gave her address. (2) the Highland Cemetery record of interment of Bessie, and invoice for charge for services in the sum of $37.50, showing "Grave No. 12 Reservation" and recital "A–Reservation" following the printed words "Please issue deed to."

The court found the issues generally in favor of plaintiff on Count I and ordered defendants to disinter the body of Bessie and reinter the remains elsewhere; found the issues generally on Counts II and III in favor of defendants and ordered that plaintiff take nothing under Counts II and III. Plaintiff filed a motion for new trial as to Counts II and III only. The cemetery filed a motion for new trial as to Count I only. Both motions were overruled by operation of law. Plaintiff appealed.[1] Defendants did not appeal. In this situation there is a final, unappealed-from judgment for plaintiff and against defendants on Count I, and the only question before us and the only point raised by appellant is the question whether appellant is entitled to damages under Counts II and III.

With respect to Count II (for actual damages) the parties argue pro and con on the question whether there is sufficient evidence in the record to establish appellant's ownership of Lot 11. Their arguments are beside the point. They ignore the fact that the issue of ownership has been litigated, adjudicated and settled. Appellant was given specific relief (an order of disinterment) necessarily based upon ownership rights in the cemetery lot. Although the trial court made no specific finding of fact on the issue of ownership that issue is deemed to have been found in favor of appellant under Civil Rule 73.01(b), V.A.M.R., which provides that "All fact issues upon which no specific findings are made shall be deemed found in accordance with the result reached." Defendants did not appeal from the judgment on Count I, which is now a final judgment adjudicating all issues actually litigated, including ownership.

 Appellant argues that since she is owner of the cemetery lot and as such entitled to possession she is entitled at least to nominal damages of $5 a day as for a continuing trespass. She urges us to remand for a new trial on Counts II and III on the question of damages. We are of the opinion that appellant is entitled to actual, not merely nominal, damages. The general theory of nominal damages is that they should be allowed where a legal right has been invaded but no actual damages were suffered or proved. See cases cited in Missouri Digest, Damages ⬯8. Actual damages may be recovered for mental suffering proximately caused by a trespass. Hickey v. Welch, 91 Mo.App. 4; Freidenheit v. Edmundson, 36 Mo. 226; 25 C.J.S. Damages § 68, p. 827, fn. 82.5. Some actual damage is inevitably involved in the situation presented by this record. The owner of a cemetery lot purchased for her own use at death has a right to the exclusive use of the lot and any unauthorized entry upon the lot for the purpose of appropriating it as a burial place for another constitutes

---

1. Notice of appeal filed before January 1, 1972.

an invasion of the owner's legal right. Under the peculiar facts of this case actual damages would unquestionably include the element of mental suffering. When appellant discovered that Bessie had been buried in appellant's lot, next to her deceased husband, she complained to the representative of the cemetery in person and was "very upset." The court erred in not allowing appellant actual damages. Since all material facts have been fully developed and the law of the case settled and ruled upon, the case is ripe for the entry of judgment for appellant for the proper amount under Count II. The determination of the amount of damages is primarily a matter for the jury but there is no necessity of remanding the case to impanel a jury for the purpose of assessing actual damages, since this same issue was submitted to and determined by a qualified jury at the first trial. It is our duty to give such judgment as the trial court ought to have given, Civil Rule 84.14; § 512.160(3), RSMo 1969, V.A.M.S.; Spaeth v. Washington University, 240 Mo.App. 79, 213 S.W.2d 276, 280; State ex rel. Ratliff v. Morant, Mo.App., 271 S.W.2d 230, 233; Sachs Steel & Supply Co. v. St. Louis Auto Parts & S. Co., Mo. App., 322 S.W.2d 183 [9], and under both the rule and statute cited above it is the duty of this Court to finally dispose of the case. In the interest of terminating this protracted litigation we adopt the jury finding awarding appellant $550 actual damages on Count II.

■ With respect to Count III (for punitive damages), acts justifying imposition of punitive damages must be willful, wanton, malicious or so reckless as to be in utter disregard of consequences. Warner v. Southwestern Bell Tel. Co., Mo.Sup., 428 S.W.2d 596 [15]. There must be some element of wantonness or bad motive. Beggs v. Universal C. I. T. Credit Corp., Mo.Sup., 409 S.W.2d 719, 35 A.L.R. 3d 1007. No such conduct is involved. Nothing more than honest misunderstanding or mistake is revealed by this record.

Appellant is not entitled to punitive damages.

Accordingly, the judgment on Count II is reversed, the judgment on Count III is affirmed, and the cause is remanded with directions to enter final judgment on Count I for plaintiff and against defendants, pursuant to the findings and judgment rendered by the circuit court at the second trial; on Count II for plaintiff and against both defendants in the sum of $550, as of the date of the institution of this action; on Count III for defendants and against plaintiff.

STOCKARD, C., concurs.

PER CURIAM:

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.

All of the Judges concur.