Virginia P. McCLELLAN, Plaintiff-Appellant,

v.

HIGHLAND SALES & INVESTMENT CO., Defendant-Respondent.

No. KCD 26903.

Missouri Court of Appeals, Kansas City District.

Sept. 3, 1974.

Rehearing Denied Oct. 7, 1974.

Edward F. Aylward, Walter K. Disney, Kansas City, for plaintiff-appellant.

David M. Harding, Kansas City, for defendant-respondent.

Before DIXON, C. J., and SHANGLER and WASSERSTROM, JJ.

PER CURIAM:

This is the fourth consideration by an appellate court of litigation instituted by plaintiff, Virginia McClellan, second wife of Grant H. McClellan, deceased, involving the interment of the body of his first wife, Bessie, alongside Grant in a gravesite, ultimately determined in prior litigation to belong to plaintiff. The factual background of the case is delineated in the previous opinions and need not be repeated here. See: McClellan v. Highland Sales & Investment Co., Inc., 426 S.W.2d 74 (Mo. 1967); 429 S.W.2d 326 (Mo.App.1968); 484 S.W.2d 239 (Mo.1972). The litigation being considered on this appeal has as its object the recovery of actual and punitive damages from Highland Sales & Investment Co., Inc., owner and operator of the cemetery, for trespass by the wrongful interment and the failure to disinter the remains pursuant to a circuit court order issued January 9, 1970. Plaintiff, in this action, has added Ralph G. Watt, president of Highland, and Alma C. Morrisson, manager of Highland, as defendants.

The first trial between these litigants on April 10, 1965, resulted in a jury verdict of $550 actual damages on Count II, and $1,000 punitive damages on Count III. Count I, seeking disinterment of Bessie's body, was dismissed. The trial court granted a new trial as to the actual and punitive damages on the ground that the evidence was not sufficient to sustain these judgments, yet overruled plaintiff's objections to dismissal of Count I.

Following the first trial, an appeal was taken to the Missouri Supreme Court. The Missouri Supreme Court transferred the appeal to the Kansas City Court of Appeals, holding it had no jurisdiction in that title to real estate was not then directly involved. See: McClellan v. Highland Sales & Investment Co., Inc., 426 S.W.2d 74 (Mo.1967). On transfer, the Court of Appeals reversed the trial court's order dismissing Count I, affirmed the order granting a new trial as to Count II and Count III for damages, and remanded the case for a new trial on all three counts. McClellan v. Highland Sales & Investment Co., Inc., 429 S.W.2d 326 (Mo.App.1968).

On remand, plaintiff filed a third amended petition, adding Bessie's son, Eddie Grant McClellan, as a party defendant, and adding to the original charge of trespass, allegations that plaintiff had pur-

chased the cemetery lot in question. Plaintiff, in Count I, prayed for disinterment of Bessie's body and injunctive relief, and prayed that the court determine title to the lot and declare plaintiff to be the fee simple owner of said lot and easement. Count II asked for actual damages and Count III asked for punitive damages. At the hearing on remand, conducted by the court without the aid of a jury, additional evidence was introduced concerning the issue of ownership. See: McClellan v. Highland Sales Co., Inc., 484 S.W.2d 239, 241 (Mo.1972). The court found the issues generally in favor of plaintiff on Count I, and ordered defendant to disinter the body of Bessie and reinter the remains elsewhere; found the issues generally on Counts II and III in favor of defendants, and ordered that plaintiff take nothing under Counts II and III. Plaintiff filed a motion for new trial as to Counts II and III only. The defendant cemetery filed a motion for new trial as to Count I only. Both motions were overruled by operation of law. Plaintiff appealed. Defendant did not appeal. On January 9, 1970, the Circuit Court of Jackson County, Division 5, entered an order that defendant Highland disinter the body and remains and reinter said remains elsewhere.

The Missouri Supreme Court, in considering plaintiff's appeal as to Counts II and III, spoke to the status of the unappealed trial court order of January 9, 1970. The opinion states:

"In this situation" [defendants not having appealed from the court order on Count I] "there is a final, unappealed-from judgment for plaintiff and against defendants on Count I, and the only question before us and the only point raised by appellant is the question whether appellant is entitled to damages under Counts II and III . . . [T]he issue of ownership has been litigated, adjudicated and settled. Appellant was given specific relief (an order of disinterment) necessarily based upon ownership rights in the cemetery lot.

Although the trial court made no specific finding of fact on the issue of ownership that issue is deemed to have been found in favor of appellant under Civil Rule 73.01(b) . . . Defendants did not appeal from the judgment on Count I, *which is now a final judgment adjudicating all issues actually litigated, including ownership.*" (Emphasis added.) McClellan v. Highland Sales & Investment Co., Inc., 484 S.W.2d 239, 241 (Mo.1972).

As to Counts II and III, the Missouri Supreme Court affirmed the trial court's finding in favor of defendants on the issue of punitive damages under Count III. McClellan, supra, 241–242. But it reversed as to Count II, stating:

"Some actual damage is inevitably involved in the situation presented by this record . . . Under the peculiar facts of this case actual damages would unquestionably include the element of mental suffering . . . The determination of the amount of damages is primarily a matter for the jury but there is no necessity of remanding the case to impanel a jury for the purpose of assessing actual damages, since this same issue was submitted to and determined by a qualified jury at the first trial . . . In the interest of terminating this protracted litigation we adopt the jury finding awarding appellant $550 actual damages on Count II."

The Missouri Supreme Court in its mandate states:

"Accordingly, the judgment on Count II is reversed, the judgment on Count III is affirmed, *and the cause is remanded with directions to enter final judgment on Count I for plaintiff and against defendants, pursuant to the findings and judgment rendered by the circuit court at the second trial;* . . ." (Emphasis added.) McClellan, supra, 242.

This mandate was handed down September 11, 1972. On February 12, 1973, plaintiff filed the petition involved in this ap-

peal. On February 28, 1973, defendants disinterred the remains. On March 7, 1973, defendant Highland Sales paid plaintiff $550 plus interest pursuant to court decree. On March 9, 1973, the trial court entered a purported final decree ordering disinterment, a money judgment for plaintiff and costs against defendants pursuant to the Supreme Court remand. Defendant filed the motion to dismiss on the grounds that the filing of plaintiff's petition of February 12, 1973, was premature in view of the trial court's not entering a final judgment and decree until March 9, 1973, and further, that the issues raised in plaintiff's petition were moot and already adjudicated. On April 25, 1973, the trial court sustained defendant's motion to dismiss. Plaintiff has duly perfected this appeal from that order.

 If either of the defendant's grounds asserted for dismissal support its motion, the order of the trial court dismissing plaintiff's petition must be affirmed. Rule 73.01(d), V.A.M.R.; Atherton v. Atherton, 480 S.W.2d 513 (Mo.App. 1972). The defendant-respondent claims plaintiff's petition was premature as to damages for failure to disinter, as it had already disinterred by the time the March 9, 1973, final judgment decree was entered by the trial court. The plaintiff-appellant contends the January 9, 1970 trial court order (ordering disinterment) being unappealed by the defendant, became a final order 30 days thereafter, pursuant to Missouri Rule 81.05(a). The determination as to the correctness of their respective contentions depends on the effect of the purported Supreme Court remand of Count I contained in that Court's mandate entered September 11, 1972. McClellan v. Highland Sales & Investment Co., Inc., 484 S. W.2d 239, 242 (Mo.1972). The language purporting to "remand with directions to enter final judgment on Count I," was mere surplusage and did not in any way affect the rights of the parties involved. The Missouri Supreme Court recognized the judgment on Count I, entered by the trial court on January 9, 1970, had become a final judgment. It stated in its opinion:

"[T]here is a final, unappealed-from judgment for plaintiff and against defendants on Count I, and the only question before us . . . is the question whether appellant is entitled to damages under Counts II and III . . . Defendants did not appeal from the judgment on Count I, which is now a final judgment adjudicating all issues actually litigated . . ." McClellan, supra, at 241.

The language purporting to remand contained in the mandate was not a judgment or decree, but merely a mode of communicating judgment to the lower court. State ex rel. Kansas City v. Public Service Commission, 360 Mo. 339, 228 S.W.2d 738 (1950). The opinion of the Missouri Supreme Court is also part of its mandate. H. P. Coffee Co. v. Reid, Murdoch & Co., 60 F.2d 387 (8 Cir. 1932). In construing the entire opinion, it is clear the Missouri Supreme Court considered the earlier trial court order to be final and so held. We agree. It follows, plaintiff's petition filed February 12, 1973, was not premature, as defendants had been ordered January 9, 1970, to disinter the body and reinter said remains elsewhere. The defendants did not appeal that order, and thus it became final, for purposes of appeal, 30 days thereafter. Rule 81.05(a).

 The only remaining ground asserted to support the trial court dismissal is that the issues have become moot. In the prior litigation between these parties, plaintiff was awarded $550 as actual damages for trespass. The $550 award does not bar this action as it has long been the law in Missouri that a landowner is entitled to bring successive damage actions for a continuing trespass for each successive period involved. Beetschen v. Shell Pipe Line Corp., 248 S.W.2d 66 (Mo.App.1952). The trespass involved herein did not amount to a permanent appropriation of the land requiring plaintiff to sue for all

her damages in a single action. The action complained of was the failure to disinter pursuant to court order. Although a continuing trespass, it is easily remedied and in fact was by the subsequent compliance with the order to disinter. The damages are to be assessed for the trespass only, and not as if for the permanent appropriation of the land. 87 C.J.S. Trespass § 119, p. 400. The plaintiff is, therefore, entitled to a determination of the amount of actual damages arising from the continued trespass. As this is a different cause of action from that previously litigated, the finding that punitive damages were inappropriate in the prior litigation is not res judicata in the suit at bar. It may well be that defendants in not complying with the court order did not act willfully, wantonly, or maliciously, but that specific issue has not before been litigated, and thus must be left to the trier of fact for determination.

Accordingly, the sustaining of defendant's motion to dismiss being clearly erroneous, we reverse that decision and remand for trial.